75 So.2d 198 (1954)
S.A. ROBERTSON, Appellant,
v.
INDUSTRIAL INSURANCE COMPANY, Lititz Mutual Insurance Company, Harford Mutual Insurance Company, and Virginia Auto Mutual Insurance Company, Appellees.
Supreme Court of Florida. Division A.
October 19, 1954.
*199 Charlton L. Pierce, Tallahassee, for appellant.
William A. O'Bryan, Ausley & Ausley and Ford L. Thompson, Tallahassee, for appellees.
SEBRING, Justice.
At a hearing held before the Insurance Commissioner of Florida at the instigation of the appellees, the appellant's license as an insurance agent in this state was revoked. The appellant did not seek a review of this ruling, but, instead, instituted this action at law for damages against the appellees; charging them with libel and slander, and conspiracy to slander, in connection with their application to the Commissioner for such a hearing, and in the proceedings before the Commissioner resulting in the revocation.
In the complaint filed below the appellant charged, as the basis for his action for slander and conspiracy to slander, that certain allegedly libelous statements were contained in the letter from appellees' general agent to the Commissioner, requesting the hearing to be held with regard to the activities of appellant, in that, in the letter, the agent referred to the appellant as "a very dangerous man" who was "endangering the public affairs" and who "would not stop at anything to gain his ends."
Upon motion by the appellees, the trial court dismissed the complaint, on the sole ground that the statements made by the agent in the letter, and in the testimony given at the hearing, were absolutely privileged because they occurred in a proceeding quasi-judicial in nature. On this appeal, the correctness of this ruling is questioned.
There can be no doubt that defamatory words published in the course of a judicial proceeding are absolutely privileged, if they are relevant and material to the cause or subject of inquiry, and that no action for damages will lie therefor. Myers v. Hodges, 53 Fla. 197, 44 So. 357; Fisher v. Payne, 93 Fla. 1085, 113 So. 378.
"This rule of privilege as applied to statements made in the course of judicial proceedings is not restricted to trials of actions, but includes proceedings before a competent court or magistrate in the due course of law or the administration of justice which is to result in any determination or action by such court or officer. This privilege extends to the protection of the judge, parties, counsel, and witnesses, and arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings or as necessarily preliminary thereto." (Emphasis supplied.) Ange v. State, 98 Fla. 538, 123 So. 916, 917.
The issues presented on this appeal are whether the proceeding before the Florida Insurance Commissioner was quasi-judicial or merely administrative in nature; and if quasi-judicial, whether or not the rule of absolute privilege stated above as pertaining to judicial proceedings extends to proceedings before an administrative officer when the particular function being performed by him is quasi-judicial in character.
With regard to the first issue, the holdings in this jurisdiction are uniformly to the effect that an administrative determination, under statutory power, on the issue of whether an occupational license should or should not be revoked constitutes the performance of a judicial or quasi-judicial function. In a case involving the exercise of power under a statute authorizing the state board of dental examiners to determine whether or not the license of certain practitioners should be revoked, this Court unequivocally defined the nature of such a proceeding, as follows:
"It is certain that the function and prerogative of deciding finally the law *200 and the facts of an actual controversy bearing upon a vested legal right sought to be divested or impaired in a proceeding initiated under statute before an administrative tribunal is, in its last analysis, a pure judicial power * * *. The state board of dental examiners of Florida, in a proceeding before it * * * to revoke the license of a dentist * * * acts in a quasi judicial capacity, where the proceeding is predicated upon a cause of revocation arising subsequent to the lawful licensing of a practitioner, such as misconduct and malpractice occurring in the course of one's professional activities." (Emphasis supplied.) State ex rel. Williams v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705, 707, 95 A.L.R. 1416; State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311.
In regard to the second issue presented for determination; namely, whether or not the rule of absolute privilege pertaining to judicial proceedings extends to proceedings quasi-judicial in character, the trial court found in the order appealed from:
"The decision of the Insurance Commissioner was adverse to the plaintiff. It has not been made to appear that this decision has been reversed by any Court of competent jurisdiction. An issue of fact has thus been determined by a tribunal vested with statutory power to decide it. Plaintiff's claim in this case is based upon the falsity of the evidence upon which that decision was made. A judgment for plaintiff would be, in effect, a determination that the Insurance Commissioner was wrong."
We think the trial court's ruling in this regard is well supported by the authorities. The grounds upon which the rule of absolute privilege is sustained as to judicial proceedings is that all persons connected with the proceedings should be free from fear of being called upon to defend suits arising as a result of derogatory disclosures, and that to permit such suits would result in a circuity of actions by which the same issues tried in the judicial proceedings could be retried. These grounds applicable to purely judicial proceedings apply with equal force to a proceeding requiring the exercise of "pure judicial power," such as the proceeding here involved. State ex rel. Williams v. Whitman, supra. The majority rule in other jurisdictions supports our conclusion on this point that the rule of privilege invoked in judicial proceedings extends to administrative proceedings involving judicial or quasi-judicial action. Guardian Life Insurance Co. of Texas v. Reagan, Tex.Civ.App., 155 S.W.2d 950; Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909; Independent Life Ins. Co. v. Rodgers, 165 Tenn. 447, 55 S.W.2d 767; Johnson v. Independent Life & Accident Co., D.C.S.C., 94 F. Supp. 959; 53 C.J.S., Libel and Slander, § 104(b), page 169.
The appellant relies upon what was said in Hartley & Parker, Inc., v. Copeland, Fla., 51 So.2d 789, to support his contention that he has a cause of action, but we think the administrative action of the character here involved encompassing as it does the exercise of judicial power, is clearly distinguishable from the administrative action considered therein.
The conclusion we have reached disposes of the appellant's contention with reference to the charge of conspiracy to slander, in view of the principle that the gist of such a charge is the slander itself, which, as we have already held, is non-actionable under the facts of the case at bar. Hunter Lyon, Inc., v. Walker, 152 Fla. 61, 11 So.2d 176; Loeb v. Geronemus, Fla., 66 So.2d 241.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.