PEARSON, Judge.
Appellant as plaintiff in the circuit court sued appellees for malicious conspiracy. Appellant grounded his action upon a suit filed by appellees in the United States District Court. Appellees are the two plaintiffs in the suit instituted in the Federal Court and their attorney of record. From an order dismissing the complaint in the circuit court this appeal is taken.
The conspiracy alleged against the defendants is their prosecution of the cause in the United States District Court as principals and attorney. The litigation in the United States District Court proceeded as follows: Defendants here, as plaintiffs in that court, filed suit to recover damages for an alleged breach of contract and prayed for ancillary relief by way of an injunction to prevent the sale of certain property by the defendant in that suit. The complaint in the Federal Court was dismissed. An amended complaint was filed and dismissed and was followed by a second amended complaint which was dismissed with prejudice. An appeal to the United States Court of Appeals was taken from this last order and it was during the pend-ency of the appeal that the complaint for malicious conspiracy was instituted in the State Court.
The circuit judge dismissing the corn-paint for malicious conspiracy entered an order, in part as follows:
“The Court is of the opinion that to remove the privilege of parties litigant in a civil suit would lead to far more injurious consequences in numerous instances than the injury which may be sustained in isolated instances under the present law.”
Appellant urges the case of Phillips & Sons, Inc., v. Kilgore, 152 Fla. 578, 12 So.2d 465, as authority for reversal of the order of dismissal. In the Phillips case the corporation induced and incited a third party to institute a suit in the third party’s name, not on any meritorious basis, but for the sole purpose of damaging Kilgore. Phillips had no interest in the suit except to injure Kilgore. In the case at bar the defendants-principals instituted a suit on a contract in their own names, for their own interest. At the institution of the action in the State Court the final outcome of the first instituted litigation was not determined. The only conspiracy suggested is between the defendants and their own attorney, who, it is alleged, was paid for his advice.
Phillips & Sons, Inc., v. Kilgore, supra, is not a proper basis for the *54 type of action the plaintiff sought to present in the circuit court, and the circuit judge correctly dismissed the amended complaint. See Myers v. Hodges, 53 Fla. 197, 44 So. 357; Ange v. State, 98 Fla. 538, 123 So. 916; Robertson v. Industrial Insurance Company, Fla.1954, 75 So.2d 198, 45 A.L.R.2d 1292. The last cited cases deal with slander or libel, but they illustrate that the common law action of malicious prosecution with its prerequisites and defenses is the proper action for the alleged malicious maintenance of legal proceedings by a plaintiff.
Affirmed.
CARROLL, CITAS., C. J., and HORTON, J., concur.