345 So.2d 860 (1977)
Earl CAMPBELL, Appellant,
v.
Lynn M. LoPUCKI, Appellee.
No. BB-498.
District Court of Appeal of Florida, First District.
May 11, 1977.
*861 Peter Langley, III, Yankeetown, for appellant.
John M. Green, Jr., Green, Simmons, Green & Hightower, Ocala, for appellee.
BOYER, Chief Judge.
Appellant filed this appeal after his libel complaint was dismissed with prejudice by the trial judge. The issue is whether the allegations contained in a complaint drafted and signed by appellee, an attorney, are privileged.
After James Lee Donaldson was killed, apparently as a result of an automobile accident in Levy County, appellee filed suit for wrongful death in behalf of Donaldson's parents against James Owen McMullen and appellant. In the second count of the complaint and a subsequently filed amended complaint, it was alleged that Donaldson was murdered by McMullen and appellant who (it was alleged) either struck or pushed Donaldson from the vehicle. Count III alleged that McMullen and appellant conspired with a third party to buy large amounts of insurance on Donaldson's life with the intention of staging his death and collecting the insurance proceeds. In a newspaper article appearing in the Gainesville Sun, it was reported that appellee agreed that the wording of the suit was intended to accuse McMullen and appellant of murder. By deposition, Donaldson's parents stated, and appellee agreed, that Mr. and Mrs. Donaldson did not draft the complaint and did not themselves make the statements found in the complaint. Appellee took sole responsibility for all of the allegations contained in the complaint and amended complaint.
In dismissing appellant's libel complaint, the trial court ruled that the allegations of murder, homicide, conspiracy, and other wrongdoings were material, relevant, and pertinent to the wrongful death action filed by appellee and that consequently such allegations were absolutely privileged.
The rule in Florida regarding defamatory words published in the course of a judicial proceeding was announced in Myers v. Hodges, 53 Fla. 197, 44 So. 357 (Fla. 1907). From that case, we learn that defamatory words, published by parties, counsel, or witnesses in the due course of a judicial proceeding, are absolutely privileged when they are connected with or relevant or material to the cause at hand. If the defamatory words are not relevant, then to be actionable, they must not only be irrelevant, but also malicious and spoken or written without a belief in their relevance or without reasonable or probable cause so to believe. (Myers v. Hodges, supra, at 362).
Appellant seeks to distinguish the Myers case and its progeny on the basis that in each of those cases, the pleadings containing the defamatory allegations were signed by the complaining parties whereas in the case sub judice, the attorney (appellee), not the client, was the defaming party. Such a distinction is ill-founded. Under Fla.R.Civ.P. 1.030(b), an attorney must sign *862 his pleadings or motions. No such requirement is made of a party. Thus, the fact that a pleading is not signed by a client is immaterial to an action for libel. Nor is it pertinent to our discussion that the facts alleged in the complaint were not known by the party. In most, if not all, cases an attorney, after initially consulting with his client, will uncover numerous facts which were theretofore unknown to the client. Moreover, we have previously held that an attorney's signature on a pleading does not and usually cannot enforce the truthfulness of the facts cited. (Metcalf v. Langston, 296 So.2d 81 (Fla. 1st DCA 1974)).
In sum, we agree with the trial court's holding that the allegations of murder, homicide, conspiracy, and other wrongdoings were relevant to the previous action. As noted by the Supreme Court in the Myers case, "In determining what is pertinent, however, much latitude must be allowed to the judgment and discretion of those who maintain a cause in court. Much allowance should be made for the earnest though mistaken zeal of a litigant who seeks to address his wrong and for the ardent and excited feelings of the fearless, conscientious lawyer, who must necessarily make his client's cause his own." (Myers v. Hodges, supra, 44 So. at 362).
Accordingly, the order of dismissal with prejudice here appealed is
AFFIRMED.
MILLS, J., and DURDEN, J. ROBERT, Associate Judge, concur.