378 So.2d 47 (1979)
SAILBOAT KEY, INC., Appellant,
v.
Frank C. GARDNER and Frances G. Gardner, Appellees.
No. 79-287.
District Court of Appeal of Florida, Third District.
December 4, 1979.
Rehearing Denied January 8, 1980.
Neil Flaxman, Coral Gables, for appellant.
Paul & Thomson, Joseph P. Averill, Miami, for appellees.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
BARKDULL, Judge.
The appellees and others brought a suit to prevent the appellant from constructing certain improvements pursuant to building permits issued by the City of Miami on an island in Biscayne Bay. In this connection, see: State v. Sailboat Key, Inc., 306 So.2d 616 (Fla. 3d DCA 1974). This suit was subsequently settled by the appellant's successors agreeing to reduce the size of the improvements permitted by the permits, although such improvements would be constructed pursuant to the original permits. With this settlement, the City agreed.[1] Thereafter, the appellant (the original beneficial *48 owner of the property), after having lost its interest therein allegedly because of the failure to secure financing as a result of the initial action, brought the instant cause claiming disparagement or slander of title as a result of the original proceedings.
The appellees were the only defendants and contended that their statements in the original proceedings, contained in their pleadings, were absolutely privileged. Therefore, notwithstanding any alleged issues of material fact, they had an absolute defense. To this the trial court agreed and entered a summary judgment in favor of the appellees, and this appeal ensued. We affirm.
Statements and allegations in pleadings are absolutely privileged and cannot form the basis of a disparagement or slander of title suit. This tort is variously known as "slander of title", "disparagement of property", "slandered goods", "trade libel", and "injurious falsehood". See: Collier County Publishing Co., Inc. v. Chapman, 318 So.2d 492 (Fla. 2d DCA 1975). The Second District, in Collier County Publishing Co., Inc. v. Chapman, supra, adopted Professor Prosser's summary of the tort. See: W. Prosser, Law of Torts (4th Ed. 1971), pp. 915 et seq. The Florida Supreme Court specifically adopted the comparable summary expressed in the Restatement of Torts. Lehman v. Goldin, 160 Fla. 710, 36 So.2d 259 (1948).
Libel and slander involve defamation of personal reputation. "Slander of title" involves defamation of property interests. Old Plantation Corp. v. Maule Industries, Inc., 68 So.2d 180 (Fla. 1953). Florida courts have repeatedly recognized the interplay between libel and slander on the one hand, and "slander of title" on the other. Indeed, the statute of limitations applicable to libel and slander has been held applicable to "slander of title". Carey v. Beyer, 75 So.2d 217 (Fla. 1954); Old Plantation Corp. v. Maule Industries, Inc., supra.
Florida courts have also acknowledged that a defendant in a "slander of title" action enjoys the same privilege which he would enjoy, under the same circumstances, in a libel action. Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). The Gardners are accused of "slander of title" as a result of statements made in pleadings in a judicial proceeding. A statement claimed to be defamatory, made in the course of a judicial proceeding, is privileged provided the statement be pertinent to the law suit and no contention is made that the statement was not pertinent in the first action. Such has been the holding of the Florida courts. Robertson v. Industrial Insurance Company, 75 So.2d 198 (1954); Taylor v. Alropa Corporation, 138 Fla. 137, 189 So. 230 (Fla. 1939); Fisher v. Payne, 93 Fla. 1085, 113 So. 378 (Fla. 1927); Myers v. Hodges, 53 Fla. 197, 44 So. 357 (Fla. 1907); St. Paul Fire & Marine Insurance Company v. Icard, Merrill, Cullis and Timm, 196 So.2d 219 (Fla. 2d DCA 1967). The Florida Supreme Court held, in Budd v. J.Y. Gooch Co., Inc., 157 Fla. 716, 27 So.2d 72, 75 (Fla. 1946):
......
"The rule adopted by this court in determining whether or not words employed by a pleader in a judicial proceeding are privileged and not actionable is set forth in the case of Myers v. Hodges, 53 Fla. 197, 44 So. 357, when we in part said: `In the United States, according to the overwhelming weight of authority, in order that defamatory words, published by parties, counsel or witnesses in the due course of a judicial procedure may be absolutely privileged, they must be connected with, or relevant or material to the cause in hand or subject of inquiry. If they are published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they may in fact be.' ..." [emphasis added]
......
The appellant's argument is that no Florida court has explicitly applied the rule of absolute privilege to "pleaders in a judicial proceeding" to a "slander of title" action. However, the absolute privilege accorded such statements by Florida courts in defamation *49 actions must clearly apply to "slander of title". The policy considerations are identical. Professor Prosser summarized these considerations. W. Prosser, Law of Torts (4th Ed. 1971), § 114 at 777-778:
.....
"Absolute immunity has been confined to a very few situations where there is an obvious policy in favor of permitting complete freedom of expression, without any inquiry as to the defendant's motives... .
"... The judge on the bench must be free to administer the law under the protection of the law, independently and freely, without fear of consequences... . As in the case of other acts in his judicial capacity, therefore, the judge is absolutely privileged as to any defamation he may utter, even though he knows it to be false and is motivated by personal ill will toward the plaintiff. The privilege ... likewise has been conferred upon witnesses, whether they testify voluntarily or not, .. . even though their testimony is by affidavit or deposition. The resulting lack of any really effective civil remedy against perjurers is simply part of the price that is paid for witnesses who are free from intimidation by the possibility of civil liability for what they say. Likewise the privilege extends to counsel in the conduct of the case; and, since there is an obvious public interest in affording to everyone the utmost freedom of access to the courts, it extends also to the parties to private litigation, ..." [emphasis added]
Professor Prosser notes, supra § 128 at 924:
.....
"In general, it may be said that injurious falsehood,[2] which is a tort that never has been greatly favored by the law, is subject to all the privileges recognized both in cases of personal defamation and in those of other types of interference with economic advantage. The question of absolute privilege to disparage in judicial, legislative, and executive proceedings has seldom arisen, except in connection with pleadings, motions and the like in the course of litigation, where it has been recognized... ."
.....
The Restatement of the Law 2d, Torts, § 635, takes the same position:
.....
"The rules on absolute privilege to publish defamatory matter stated in sections 583-592(2) [pertaining to libel and slander] apply to the publication of an injurious falsehood."
In Restatement of the Law 2d, Torts, § 587, the rule on absolute privilege for judicial proceedings is as follows:
"A party to a private litigation ... is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course of and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding."
The statements complained of by the appellant are the charging portions of an amended complaint, which this court specifically found to state a cause of action. State v. Sailboat Key, Inc., supra; State v. Sailboat Key, Inc., 295 So.2d 658 (Fla. 3d DCA 1974). The statements were absolutely privileged.
Therefore, the summary judgment under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The City signed the settlement agreement incorporated by reference in the final judgment entered in the case of State v. Sailboat Key, Case No. 73-6449 (Eleventh Judicial Circuit, Dade County, Florida, July 29, 1977). See: Castro v. Sun Bank of Bal Harbour, N.A., 370 So.2d 392 (Fla. 3d DCA 1979).
[2] "Injurious falsehood" is merely another name for the tort known as "slander of title". See: Collier County Publishing Co. v. Chapman, supra, where the Second District adopted Prosser's summary of the law of this tort. As noted, the Florida Supreme Court adopted the Restatement's summary in Lehman v. Goldin, supra.