424 So.2d 201 (1983)
CENTRAL FLORIDA MACHINERY CO., INC., a Florida Corporation, Appellant,
v.
David J. WILLIAMS and Stanley, Durrance and Wines, P.A., Appellees.
No. 81-2612.
District Court of Appeal of Florida, Second District.
January 5, 1983.
*202 Ellis S. Rubin of Law Offices of Ellis Rubin and Bernard Young, Miami, for appellant.
A.H. Lane of Lane, Trohn, Bertrand & Williams, P.A., Lakeland, for appellees.
CAMPBELL, Judge.
Following the death of her husband in an industrial accident in 1975, Juanita Watson filed a wrongful death action against Central Florida Machinery Co. alleging negligence and breach of implied warranty. Mrs. Watson was represented by David J. Williams of Stanley, Durance and Wines, P.A., in that action. Ultimately, the trial court granted summary judgment in favor of Central Florida and this court affirmed. Watson v. Lucerne Machinery & Equipment, Inc., 347 So.2d 459 (Fla. 2d DCA 1977), cert. denied, 352 So.2d 176 (Fla. 1977).
Central Florida then filed a malicious prosecution action against the attorney and against the law firm. The trial court entered summary judgment in favor of the defendants, but this court later reversed that determination. See Central Florida Machinery Co. v. Williams, 400 So.2d 30 (Fla. 2d DCA 1981).
After remand, Williams and the law firm renewed their motion for summary judgment, and the trial court once again granted it, finding that there was probable cause for filing the wrongful death action. Central Florida appealed. We affirm.
Though not generally favored, an action for malicious prosecution will lie upon a showing by a plaintiff of the following six elements:
(1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff.
Tatum Bros. v. Watson, 92 Fla. 278, 288, 109 So. 623, 626 (1926). See also Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931). All six elements must be established for the maintenance of an action for malicious prosecution, Duval Jewelry, but the two elements most relevant to our consideration here are the absence of probable cause and the presence of malice.
Malice may be inferred from a lack of probable cause, Duval Jewelry; Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla. 4th DCA 1980); Wilson v. O'Neal, *203 118 So.2d 101 (Fla. 1st DCA 1960). However, a bare showing of malice will not, in turn, permit an inference of lack of probable cause. Duval Jewelry; Applestein v. Preston, 335 So.2d 604 (Fla. 3d DCA 1976); Thompson v. Taylor, 183 So.2d 16 (Fla. 1st DCA 1966).
Here, appellees moved for summary judgment and, having done so, they had the burden of proving that there were no genuine issues of fact and that they were entitled to summary judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The bare allegations of lack of probable cause were sufficient to impute malice so as to cause us to reverse in the earlier appeal. Appellees referred in their motion to affidavits, depositions, and other record evidence, and specifically argued that a review of those articles would show the existence of probable cause sufficient for entry of summary judgment in their favor. They, therefore, discharged their burden. Holl.
On the other hand, from the time of the filing of the motion for summary judgment to the date set for hearing on the motion, appellant filed no affidavit or other evidence in opposition to the motion. Appellant was certainly not required to do so. Graff v. McNeil, 322 So.2d 40 (Fla. 1st DCA 1975); Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). But if the party moving for summary judgment presents evidence showing undisputed material facts, that party is entitled to summary judgment unless the non-moving party can then produce evidence showing that material facts are at issue. Connell. The bare allegations of the complaint establish neither the absence of probable cause, nor the presence of malice. It was incumbent upon appellant to come forward with some showing of actual malice or complete lack of probable cause. It has not done so.
When the facts are undisputed in a malicious prosecution action, the existence or nonexistence of probable cause is a pure question of law for the court. City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979). The trial judge viewed the undisputed facts before him and found, as a matter of law, that there was probable cause for filing the initial lawsuit. The affidavits reveal that Williams conducted a reasonable investigation of the facts prior to filing suit and that he developed sufficient information to support a reasonable and honest belief in a tenable claim.
An action for malicious prosecution is a serious matter and this is especially so when such an action is filed against the losing attorney in the earlier case supposedly giving rise to the action. Such actions could conceivably prohibit attorneys from pursuing and establishing new causes of action and could hinder the development of new legal theories. We commend the language of the California Court of Appeals in Norton v. Hines, 49 Cal. App.3d 917, 123 Cal. Rptr. 237 (1975), as descriptive of the standard that should obtain here:
"It is the attorney's reasonable and honest belief that his client has a tenable claim that is the attorney's probable cause for representation (citations), and not the attorney's conviction that his client must prevail. The attorney is not an insurer to his client's adversary that his client will win in litigation. Rather, he has a duty `to represent his client zealously ... [seeking] any lawful objective through legally permissible means .. . [and presenting] for adjudication any lawful claim, issue or defense.' (Citations omitted.) So long as the attorney does not abuse that duty by prosecuting a claim which a reasonable lawyer would not regard as tenable or by unreasonably neglecting to investigate the facts and law in making his determination to proceed, his client's adversary has no right to assert malicious prosecution against the attorney if the lawyer's efforts prove unsuccessful." (Emphasis in Norton.)
49 Cal. App.3d at 924, 123 Cal. Rptr. at 242 (footnote omitted) quoting from Tool Research & Engineering Corp. v. Henigson, 46 Cal. App.3d 675, 120 Cal. Rptr. 291.
Finally, we note that section 57.105, Florida Statutes (1979), requires an award of *204 attorney's fees to the prevailing party in a civil action if the court finds the complete absence of a justiciable issue raised by the losing party. This has been interpreted to mean that such an award can only be made if the action is frivolous. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). It seems to us incongruous to impose a standard of frivolousness for an award of attorney's fees pursuant to section 57.105 and a standard invoking a lesser degree of care to support an award of damages for malicious prosecution.
AFFIRMED.
OTT, C.J., and BOARDMAN, J., concur.