439 So.2d 316 (1983)
Jerry B. PERL, Appellant,
v.
OMNI INTERNATIONAL OF MIAMI, LTD., a Florida Limited Partnership, Appellee.
No. 82-1420.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Robert J. Levine, Miami, for appellant.
Valdes-Fauli, Richardson & Cobb and Robert S. Turk, Miami, for appellee.
*317 Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a final order dismissing with prejudice a complaint for compensatory and punitive damages based on claims of fraud, perjury, forgery, and slander, arising out of administrative proceedings in an unemployment compensation case. We affirm.
The plaintiff Jerry B. Perl filed a complaint in the trial court against his former employer, the defendant Omni International of Miami, Ltd., in which two asserted causes of action were pled. The first such cause of action is for "fraud, forgery and perjury;" the second cause of action is for "slander." It is alleged in both counts that the plaintiff Perl was terminated from his employment by his employer [the defendant Omni], that the plaintiff Perl submitted a claim for unemployment compensation benefits with the Florida Department of Labor and Employment Security, that this claim was denied based on the defendant Omni's allegation that the plaintiff Perl was discharged for unsatisfactory job performance, that an appeal was taken therefrom to an appeals referee wherein certain testimony was taken and documents received in evidence, and that the appeals referee also denied the plaintiff Perl's claim.
The gravamen of the two causes of action is that during the appeals hearing the defendant Omni through its agent John Tossillo allegedly gave false and slanderous testimony and submitted false and forged documents which tended to establish that the plaintiff was guilty of job-related misconduct, that the appeals referee based her denial of plaintiff Perl's unemployment compensation claim on such evidence, and that the plaintiff Perl was damaged thereby. Upon proper motion, the trial court dismissed this complaint as being barred by Section 443.041(3), Florida Statutes (1981). This appeal follows.
As the plaintiff Perl implicitly concedes on appeal, the slander count of the complaint was plainly barred by Section 443.041(3), Florida Statutes (1981), relating to unemployment compensation proceedings. This statute provides:
"PRIVILEGED COMMUNICATIONS.  All letters, reports, communications, or any other matters, either oral or written, from the employer or employee to each other or to the division or any of its agents, representatives or employees which shall have been written, sent, delivered, or made in connection with the requirements and administration of this chapter, shall be absolutely privileged and shall not be made the subject matter or basis for any suit for slander or libel in any court of the state." (emphasis added)
Perl contends, however, that the above statute is unconstitutional as it denies him his right of access to the courts as guaranteed by Article I, Section 21 of the Florida Constitution. We disagree. The statute does no more than codify, in part, the common law of defamation as applied to unemployment compensation proceedings and in no way abolishes a cause of action which heretofore existed under the statutory or common law of this state. See W. Prosser, Law of Torts § 114 at 777-81 (4th ed. 1971). The statute, then, cannot possibly constitute a denial of the right of access to the courts under the above constitutional provision and, without doubt, plainly bars the slander action herein. See Kluger v. White, 281 So.2d 1, 4 (Fla. 1973).
As for the "fraud, perjury, and forgery" count of the complaint, we have no trouble in concluding that this too is barred under the established law. This count, like the slander count, seeks to attach civil liability for alleged false testimony and alleged false documentary evidence given by a witness in an administrative proceeding. Quite apart from the above statute, it is plain that such civil suits do not lie under our law, as a witness has an absolute privilege when giving testimony and evidence before a judicial or quasi-judicial tribunal; that is, he may not be sued for slander, libel, or other similar causes of action based on the testimony or evidence he gives before *318 such a tribunal. Robertson v. Industrial Insurance Co., 75 So.2d 198 (Fla. 1954); Sailboat Key, Inc. v. Gardner, 378 So.2d 47 (Fla. 3d DCA 1979); W. Prosser, Law of Torts § 114 at 777-78 (4th ed. 1971).
The policy reason for this absolute privilege has been well-stated as follows:
"The grounds upon which the rule of absolute privilege is sustained as to judicial proceedings is that all persons connected with the proceedings should be free from fear of being called upon to defend suits arising as a result of derogatory disclosures, and that to permit such suits would result in a circuitry of actions by which the same issues tried in the judicial proceedings could be retried." Robertson v. Industrial Insurance Co., 75 So.2d at 200.
Dismissal of the complaint was therefore proper; we further find no merit in the cross appeal. The final order appealed from is in all respects
Affirmed.