446 So.2d 1162 (1984)
Benjamin E. WRIGHT, Appellant,
v.
Albert YURKO, Leon C. Dorman, Lila Dorman and Barnette Greene, Appellees.
Nos. 82-1438, 82-1497.
District Court of Appeal of Florida, Fifth District.
March 15, 1984.
*1163 Robert W. Bowles, Jr., Orlando, and Joe Alfred Izen, Jr., Houston, Tex., for appellant.
Michael R. Levin, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, P.A., Orlando, for appellee Yurko.
Michael R. Walsh, Orlando, for appellees Dorman.
Roy B. Dalton, Jr., of Dalton & Provencher, P.A., Orlando, for appellee Greene.
SHARP, Judge.
Wright appeals from judgments denying him relief as plaintiff in two malicious prosecution cases. The cases were consolidated *1164 on appeal because they involved the same parties and the same incident. In one suit, which was disposed of by summary judgment, Wright sued Yurko, who represented Leon and Lila Dorman in their malpractice case against Wright. We affirm the summary judgment in that case.
The other suit was filed by Wright against the Dormans and Barnett Greene, an expert witness who testified at the malpractice trial for Leon Dorman. This case was dismissed because the lower court ruled the amended complaint failed to state a cause of action. Greene was also awarded attorney's fees pursuant to section 57.105, Florida Statutes (1981). We reverse the dismissal of the complaint and the award of attorney's fees.
The issue in the Greene-Dorman case is whether the second amended complaint states a cause of action on any ground. The complaint sets forth the factual background out of which both lawsuits arose. In 1976 Wright administered a treatment called a caudal epidural block to Leon Dorman for the purpose of alleviating his lower back pain. During the course of these treatments or thereafter, both retinas of Leon's eyes hemorrhaged, resulting in impaired vision. The Dormans retained Yurko to represent them in bringing a malpractice suit against Wright. The case was tried before a jury for two weeks, and resulted in a favorable verdict for Wright.
Wright then brought suit against the Dormans and Greene, in essence[1] alleging that the Dormans conspired with Greene to bring the malpractice case, with malice and intent to injure Wright, and without any basis or probable cause to have done so. In addition, there are also allegations that Dormans and Greene conspired to, and gave, false and perjured testimony at the trial with the intent to injure Wright. Wright alleged damages of lost business profits, suit money, and attorney's fees incurred by defending the suit.
Wright's complaint against Yurko contains essentially the same allegations except it claims Yurko instigated the suit and conspired with others to injure Wright by presenting perjured testimony. A third count alleges a cause of action of libel and slander against Yurko for statements he and his witnesses made in connection with the malpractice case.
With regard to civil suits for perjury, libel, slander, defamation, and the like based on statements made in connection with judicial proceedings, this state has long followed the rule, overwhelmingly adopted by the weight of authority,[2] that such torts committed in the course of judicial proceedings are not actionable. Perl v. Omni International of Miami, Ltd., 439 So.2d 316 (Fla. 3d DCA 1983); Sailboat Key, Inc. v. Gardner, 378 So.2d 47 (Fla. 3d DCA 1979); Bencomo v. Morgan, 210 So.2d 236 (Fla. 3d DCA 1968); State v. Tillett, 111 So.2d 716 (Fla. 2d DCA 1959). Parties, witnesses and counsel are accorded absolute immunity as to civil liability with regard to what is said or written in the course of a lawsuit, providing the statements are relevant to the litigation.[3] The reason for the rule is that although it may bar recovery for bona fide injuries, the chilling effect on free testimony and access to the courts if such suits were allowed would severely hamper our adversary system.[4] Remedies for perjury, slander, and the like committed during judicial proceedings are left to the discipline of the courts, the bar association, and the state.[5]
Since privilege bars Wright's causes of action against the Dormans, *1165 Greene and Yurko for defamation, it follows that there can be no actionable conspiracy to commit the same acts. An actionable conspiracy requires an actionable underlying tort or wrong.[6] An act which does not constitute a basis for a cause of action against one person cannot be made the basis for a civil action for conspiracy. Buchanan v. Miami Herald Publishing Company, 230 So.2d 9 (Fla. 1969); Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983); Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025 (Fla. 3d DCA 1981), petition for review denied, 412 So.2d 463 (Fla. 1982). Therefore, the counts in both lawsuits which attempt to allege a cause of action in defamation and conspiracy to commit defamation and/or perjury are insufficient as a matter of law, and those causes of action were properly dismissed as to the Dormans, Greene, and Yurko. See Bond v. Koscot Interplanetary, Inc., 246 So.2d 631 (Fla. 4th DCA 1971).
The only private remedy in this context allowed or recognized is the ancient cause of action of malicious prosecution.[7] This tort has its own special elements and defenses. They are:
(1) A criminal or civil judicial proceeding has been commenced against the plaintiff in the malicious prosecution action;
(2) the proceeding was instigated by the defendant in the malicious prosecution action;
(3) the proceeding has ended in favor of the plaintiff in the malicious prosecution action;
(4) the proceeding was instigated with malice;
(5) without probable cause and
(6) resulted in damage to the plaintiff in the malicious prosecution action.
Kalt v. Dollar Rent-A-Car, 422 So.2d 1031, 1032 (Fla. 3d DCA 1982). If all of these elements of malicious prosecution are properly pleaded in a complaint, the suit must be allowed to proceed. Hopke v. O'Byrne, 148 So.2d 755 (Fla. 1st DCA 1963). On the other hand, if one element is not sufficiently pleaded, the complaint should be dismissed. Napper v. Krentzman, 102 So.2d 633 (Fla. 2d DCA 1958).
We think that Wright pleaded all of the required elements of malicious prosecution against the Dormans and Greene, and therefore, the lower court improperly dismissed the amended complaint. Although verbose and stated in a conclusory fashion, see Hopke, Wright touched on each of the elements for malicious prosecution, as well as for conspiracy to commit malicious prosecution. He alleged that the malpractice suit was filed without probable cause and with malice and intent to injure him; it concluded in his favor; and it resulted in special and general damages to him. Wright further alleged that Greene conspired with the Dormans to bring the suit. Since the complaint stated a cause of action for malicious prosecution, the award of attorney's fees to Greene under section 57.105 was improper. Vogel v. Allen, 443 So.2d 368 (Fla. 5th DCA 1983).
In the Yurko suit, similar pleadings were taken beyond bare allegations. Counsel for Yurko moved for summary judgment and attached an affidavit with exhibits seeking to show that Yurko researched and investigated the Dorman case and had a reasonable belief that Dorman had a tenable claim against Wright. In his affidavit, Yurko set forth the names and conclusions of four medical experts he consulted, the medical books and treatises he read, and a history of his consultations with Dorman. Wright failed to file any counter-affidavits in opposition to the summary judgment motion.
Attempting to create a fact issue which would preclude summary judgment and thereby avoid the consequences of failing *1166 to file any counter-affidavits or depositions,[8] Wright argues that Yurko's affidavit should be disregarded because it fails to state it was made on the basis of Yurko's personal knowledge. In order to bar affidavits based on hearsay, Florida Rule of Civil Procedure 1.510(e) requires that affidavits supporting or opposing summary judgment shall be made on the basis of personal knowledge.
In this case, although the preamble to Yurko's affidavit omitted the introductory statement that he was making it based on personal belief and knowledge, it is clear from the statements made in the body of the affidavit that they were based on his own knowledge. He listed his own conversations, research, and activities he took regarding his preparation for, and the filing of, the malpractice suit. Since there could be no other source for the statements other than his personal knowledge, we think Yurko's affidavit was in proper form.[9]
The effect of Yurko's motion for summary judgment was to shift the burden to Wright to come forward and show with proper proofs that a material question of fact existed as to whether Yurko brought the suit without probable cause. Noack v. B.L. Watters, Inc., 410 So.2d 1375 (Fla. 5th DCA 1982); Hardcastle v. Mobley, 143 So.2d 715 (Fla. 3d DCA 1962). Probable cause in the context of a civil suit is measured by a lesser standard than in a criminal suit.
But obviously less in the way of grounds for belief will be required to justify a reasonable man in bringing a civil rather than a criminal suit... . [T]he instigator need not have the same degree of certainty as to the facts, or even the same belief in the soundness of his case, and that he is justified in bringing a civil suit when he reasonably believes that he has a good chance of establishing it to the satisfaction of the court or jury. He may, for example, reasonably submit a doubtful issue of law, where it is uncertain which view the court will take.
* * * * * *
[T]ermination of the proceeding in favor of the plaintiff against whom it is brought is no evidence that probable cause was lacking, since in a civil action there is no preliminary determination of the sufficiency of the evidence to justify the suit. [Footnotes omitted].
W. Prosser, Law of Torts § 120, at 854-855 (4th ed. 1971). To establish probable cause, it is not necessary to show that the instigator of a lawsuit was certain of the outcome of the proceeding,[10] but rather that he had a reasonable belief, based on facts and circumstances known to him, in the validity of the claim.[11]
In Central Florida Machine Company, Inc. v. Williams, 424 So.2d 201 (Fla. 2d DCA), petition for review denied, 434 So.2d 886 (Fla. 1983), a similar case against an attorney was disposed of in his favor by summary judgment. As in the instant case, the plaintiff in Williams had filed nothing in opposition to a motion for summary judgment. The appellate court held that summary judgment was proper because the probable cause determination was, at that juncture, a question of law[12] and the affidavits were sufficient to show that the attorney conducted a reasonable investigation of the facts prior to filing suit, and had developed sufficient information to support "a reasonable honest belief in a tenable claim." Id. at 203. The court observed that if attorneys were required to meet too high a standard, it "could conceivably prohibit attorneys from pursuing and *1167 establishing new causes of action and could hinder the development of new legal theories." Id. It suggested the same standard as that adopted to test frivolous lawsuits and the award of attorneys' fees pursuant to section 57.105 should govern whether suits are filed without probable cause in the context of malicious prosecution suits.
We need not in this case adopt such a low standard. The affidavit here shows Yurko reasonably researched and investigated his case, and had a tenable theory to present to the court and jury. The fact that the case went to the jury and survived motions for summary judgment and directed verdict (which were most surely made), while not conclusively proving probable cause, is a strong indication of a substantial case. Cf. Pinkerton v. Edwards, 425 So.2d 147 (Fla. 1st DCA 1983); K-Mart Corporation v. Sellars, 387 So.2d 552 (Fla. 1st DCA 1980). Since one of the essential elements for malicious prosecution, filing without probable cause, was established as lacking in the suit against Yurko, summary judgment was properly entered in his favor. Kalt.
We recognize that our determination that Yurko had probable cause to file the malpractice suit may have a binding effect in Wright's suit against the Dormans and Greene.[13] However, reliance on advice of counsel is not an absolute defense in a malicious prosecution case.[14] Further pleadings in the Dorman-Greene case will be required to raise this affirmative defense, and Wright may be able to challenge its application in his reply or facts raised in the record as that case progresses. Therefore, final disposition by us, on the basis of the amended complaint and motion to dismiss, would be premature in the Dorman-Greene case.
AFFIRMED AS TO APPEAL NUMBER 82-1438; REVERSED AS TO APPEAL NUMBER 82-1497; AND REMANDED.
COWART, J., concurs.
DAUKSCH, J., concurs in part; dissents in part, with opinion.
DAUKSCH, Judge, concurs in part; dissents in part:
I would affirm the trial court in all respects.
NOTES
[1] The complaint is exceedingly prolix and disorganized and, therefore, we have had to summarize its content rather than quote it as we would have preferred to do.
[2] 70 C.J.S. Perjury § 92 (1951); Restatement (Second) of Torts §§ 586-88, 635 (1981).
[3] 16 Am.Jur.2d Conspiracy § 55 (1964).
[4] W. Prosser, Law of Torts, § 114, (4th ed. 1971); see S.A. Robertson v. Industrial Ins. Co., 75 So.2d 198 (Fla. 1954); Sussman v. Damian, 355 So.2d 809 (Fla. 3d DCA 1977).
[5] Buchanan v. Miami Herald Publishing Co., 230 So.2d 9 (Fla. 1969).
[6] 10 Fla.Jur.2d Conspiracy-Civil Aspects § 1 (1979).
[7] Id.; Prosser, supra note 4, at § 119; see Bencomo v. Morgan, 210 So.2d 236 (Fla. 3d DCA 1968); Leach v. Feinberg, 101 So.2d 52 (Fla. 3d DCA), cert. denied, 104 So.2d 596 (Fla. 1958).
[8] Cf. Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla. 4th DCA 1981).
[9] The comment to Florida Rule of Civil Procedure 1.510 states "the requirement that it [the affidavit] show affirmatively that the affiant is competent to testify to the matters stated therein is not satisfied by the statement that he has personal knowledge; there should be stated in detail the facts showing that he has personal knowledge."
[10] Goldstein v. Sabella, 88 So.2d 910 (Fla. 1956).
[11] Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958).
[12] City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979).
[13] Collateral estoppel may be applicable. See United States Fidelity and Guar. Co. v. Odoms, 444 So.2d 78 (Fla. 5th DCA 1984).
[14] of counsel is a defense to an action predicated upon malicious prosecution only in [the] event there has been a full and complete disclosure made to the attorney before his advice is given and followed.
Glass v. Parrish, 51 So.2d 717, 721 (Fla. 1951); see Paulk v. Buczynski, 106 So.2d 100 (Fla. 2d DCA 1958); Prosser, supra. note 4, at § 119.