DELL, Judge.
This appeal involves an action for fraud, civil conspiracy and negligence arising out of an engineering sketch that was allegedly fraudulently prepared and placed into evidence in a tenant eviction case. Appellants seek reversal of a summary judgment in favor of appellees.
Briefly stated, appellant Regal Marble, Inc. leased its business premises from ap-pellee Drexel Investments, Inc. A dispute arose over an increase in property taxes. When Regal Marble refused to pay an increase in those taxes, appellee filed suit seeking eviction. During the eviction proceeding, appellee Drexel offered an engineering sketch of the premises into evidence. Appellee Drexel prevailed in the eviction proceeding. Regal Marble subsequently filed for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540 and claimed that the engineering sketch was procured through fraud. The trial court found in favor of Regal Marble, stating:
Further, it is uncontroverted that the party wall was “graphically depicted” on the survey at the direction of Joe Kolb, the designated officer representing Drex-el Investments, Inc., the plaintiff in this cause. Though the court is reluctant to find, it does not find intentional fraud on the part of Mr. Kolb, it is clear that the results of his actions to have this survey created in such a fashion and to have this survey introduced at trial was fraudulent in the results it obtained, to wit: an improper verdict.
Appellants subsequently filed the instant action against appellees seeking damages for fraud, civil conspiracy and a separate count for negligence on the part of the engineer and engineering firm. The trial court granted a summary final judgment finding that appellants’ action was barred by res judicata and that appellants’ allegations of fraud constituted an allegation of intrinsic fraud and hence were not cognizable in the action. Appellants contend that the trial court erred in these findings and argue that genuine issues of material fact exist as to their allegations of fraud and civil conspiracy. Appellants also contend that the doctrine of res judicata cannot be applied because this action involves different parties and issues.
Appellees rely upon DeClaire v. Yo-hanan, 453 So.2d 375 (Fla.1984), to support their argument that no cause of action exists for any intrinsic fraud that may have occurred during the trial of the eviction proceeding. Appellees also argue that this cause of action is barred by res judicata and collateral estoppel because the issue of intrinsic fraud was litigated in the 1.540 proceeding. We find no support in De-Claire v. Yohanan for appellees' argument that appellants cannot maintain a separate cause of action for damages arising out of the alleged fraudulent acts by appellees.
We also find no support for the application of res judicata or collateral es-toppel to this action. Appellant’s complaint raises issues not raised in the eviction. Furthermore, the trial court’s order granting Regal Marble's motion for relief from judgment does not contain a sufficiently clear finding of fraud to apply the doctrine of res judicata or collateral estoppel to this *1017 action. See Universal Construction Company v. City of Fort Lauderdale, 68 So.2d 366 (Fla.1953). Finally, we note that there are parties involved in the present action that were not a part of the original eviction proceedings. Because we find the doctrines of res judicata and collateral estop-pel inapplicable, it is unnecessary to discuss the effect of any alleged privity between the parties.
Additionally, we find no merit m appellees’ contention that they are entitled to attorney’s fees pursuant to section 57.-105, Florida Statutes (1985). We also reverse the assessment of attorney’s fees against appellants pursuant to the lease agreement. As we view this action, it is an independent action for damages arising out of fraud and civil conspiracy. See Dickson v. Dunn, 399 So.2d 447 (Fla. 5th DCA 1981).
Accordingly, we reverse the summary final judgment in favor of appellees and remand this cause to the trial court for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
HERSEY, C.J., and WALDEN, J., concur.