545 So.2d 309 (1989)
PONZOLI & WASSENBERG, P.A., Appellant,
v.
Donald S. ZUCKERMAN, Appellee.
Nos. 88-1933, 88-1968.
District Court of Appeal of Florida, Third District.
April 18, 1989.
Rehearing Denied July 14, 1989.
Ponzoli & Wassenberg, Miami, for appellant.
Donald S. Zuckerman, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
Doubtless many litigants harbor a desire to bring suit against their adversary's attorney. Appellee did so, bringing an action against appellant Ponzoli & Wassenberg, P.A., counsel for his adversary in a bitterly contested partnership dissolution.[1]
Appellee's suit against Ponzoli & Wassenberg contended that the attorneys had committed actionable libel and extortion against him during the partnership dissolution suit. The libel and extortion occurred, according to appellee, through statements Ponzoli & Wassenberg made, as counsel, in *310 a motion to dismiss filed in this court.[2] Appellee eventually voluntarily dismissed the libel and extortion suit against Ponzoli & Wassenberg. As Ponzoli & Wassenberg had engaged independent counsel to defend the libel and extortion suit, counsel moved for attorney's fees under section 57.105, Florida Statutes (1987). Attorney's fees were denied and appellant seeks reversal.
With deference to the trial court, the motion for attorney's fees should have been granted. Statements made in the course of judicial proceedings enjoy an absolute privilege "and cannot form the basis for a defamation action so long as the statements uttered are connected with, or are relevant or material to the cause at hand or the subject of inquiry no matter how false or malicious said statements may in fact be." Sussman v. Damian, 355 So.2d 809, 811 (Fla. 3d DCA 1977); see also Campbell v. LoPucki, 345 So.2d 860 (Fla. 1st DCA 1977) (allegation that defendant had committed murder held privileged).[3]
The policy reasons for the privilege have often been repeated:
In fulfilling their obligations to their client[s] and to the court, it is essential that lawyers, subject only to control by the trial court and the bar, should be free to act on their own best judgment in prosecuting or defending a lawsuit without fear of later having to defend a civil action for defamation for something said or written during the litigation.
Sussman v. Damian, 355 So.2d at 810. While appellee may have been offended by the motion to dismiss the appeal, the statements were connected with, and relevant to, the matter at hand and are therefore absolutely privileged.[4] These principles are so clear, and so well-known, that the defamation claim must be considered frivolous.
The same analysis applies to the extortion claim, which is based on the same statement in the same motion. The absolute immunity for statements made in judicial proceedings precludes civil liability. See Wright v. Yurko, 446 So.2d 1162, 1164 (Fla. 5th DCA 1984) (perjury); Perl v. Omni Int'l, 439 So.2d 316 (Fla. 3d DCA 1983) (fraud, perjury and forgery); Sailboat Key, Inc. v. Gardner, 378 So.2d 47 (Fla. 3d DCA 1979) (slander of title; injurious falsehood). Even absent the absolute privilege, no cause of action for extortion was made out.[5]
The appellant is entitled to an award of attorney's fees under section 57.105, Florida Statutes. We therefore reverse and remand for determination of the amount to be awarded. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
Reversed and remanded.
NOTES
[1] The partnership dissolution suit arose out of the dissolution of a law partnership between appellee and his former partner, Alex Hofrichter. The suit, still pending, requested an accounting and other relief. Ponzoli & Wassenberg, P.A., and two other firms, served as litigation counsel for Hofrichter.
[2] Ponzoli & Wassenberg did not sign the motion to dismiss the appeal, but did appear on the motion as co-counsel. Appellee's defamation and extortion suit named as defendants Hofrichter and all the law firms representing him. See supra note 1. Only Ponzoli & Wassenberg are involved in this appeal.
[3] We do not express any view on whether the statements complained of were either false or malicious.
[4] The allegedly libelous statements were:

The action below involves, inter alia, the dissolution of a partnership for the practice of law. Substantial sums of money are at issue and Appellants have used delaying tactics solely to allow them to purloin for themselves monies otherwise belonging to the partnership. Appellants have involved the clients of the former partnership in the litigation by fraudulent and unethical means of obtaining payments of funds not rightfully theirs while assuring said clients that Appellees had no claim to the funds.
[5] The statements in the motion to dismiss the appeal do not constitute a "threat" proscribed by section 836.05, Florida Statutes (1987). See State v. McInnes, 153 So.2d 854, 856 (Fla. 1st DCA 1963). For purposes of this appeal we have accepted appellee's contention that he reasonably believed there was a private right of action for section 836.05 at the time he filed his complaint. This court has since adopted the contrary view. Bass v. Morgan, Lewis & Bockius, 516 So.2d 1011 (Fla. 3d DCA 1987), review denied, 525 So.2d 876 (Fla. 1988).