568 So.2d 1281 (1990)
REGAL MARBLE, INC., a Florida Corporation, Irving Walder and David Sarkell, Appellants,
v.
DREXEL INVESTMENTS, INC., a Florida Corporation, a/K/a Drexel Properties, Inc., a Florida Corporation, Darby and Way, Inc., a Florida Corporation, Josias and Goren, a Florida Partnership of Attorneys, James A. Cherof, Individually and As a Partner of Josias and Goren, Gregory Darby, Individually, Joseph Kolb, Individually, and Harry W. Thompson, Individually, Appellees.
No. 89-0064.
District Court of Appeal of Florida, Fourth District.
September 26, 1990.
As Amended on Denial of Rehearing November 28, 1990.
*1282 Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, and John Beranek formerly of Klein, Beranek & Walsh, P.A., West Palm Beach and now of Aurell, Radey, Hinkle & Thomas, Tallahassee, for appellants.
Gary M. Farmer of Gary M. Farmer, P.A., Fort Lauderdale, for appellees-Drexel Properties, Inc. and Joseph Kolb, and Drexel Investments, Inc.
William C. Davell of Rogers, Morris & Ziegler, Fort Lauderdale, for appellees-Gregory W. Darby, Harry W. Thompson, and Darby and Way, Inc.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees-Josias and Goren and James Cherof.
STONE, Judge.
We affirm a summary judgment for the defendants in a tort action for fraud and conspiracy. Plaintiffs allege damages arising out of the introduction of a false exhibit in a prior eviction action.[1] Plaintiffs contend the preparation and use of an incorrect sketch in that case was deliberate. For the purpose of this appeal, those allegations are taken as true.
There is no cause of action recognized in this state for false statements made in prior judicial proceedings. E.g., Wright v. Yurko, 446 So.2d 1162 (Fla. 5th DCA 1984). See also Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907). We repeat the clear reasoning of the trial court, with which we concur, applying that principle to the appellants' claims:
Defendants all argue that the amended complaint is capable of but one interpretation, and that is that plaintiffs seek damages for perjury committed in the prior tenant eviction trial... . Courts should be concerned with the substance of pleadings and not the labels which the parties place on them. The actual allegations of the amended complaint show that the only fraud complained of is the alleged use of an "intentionally false" survey and allegedly false testimony ... supporting the survey, as well as alleged later attempts of the defendants to conceal or "cover up" the falsity. Because perjury consists of knowingly giving false testimony or evidence under oath, it is difficult to construe plaintiffs' pleading in any way other than as argued by the defendants. Hence, the court concludes the plaintiffs have actually sought to allege a cause of action for damages arising from perjury, which they call fraud, in a prior judicial proceeding, even though they now label their pleading otherwise.
The gist of defendants' motions is that Florida does not recognize such a claim under any theory. They say that Myers v. Hodges establishes an absolute privilege *1283 for parties, witnesses and their lawyers for anything said by them in the course of a judicial proceeding, so long as it is relevant. Defendants also point to Wright v. Yurko, supra, and Perl v. Omni International of Miami Ltd., supra, [439 So.2d 316 (Fla. 3d DCA 1983)] both of which hold squarely that all false testimony damages claims are barred by the privilege rule of Myers.

Plaintiffs respond ... that they have not sought "redress for perjury alone." But an act which cannot be the basis for an action against one person similarly cannot be the basis for an action against several persons as a claim for civil conspiracy. Wright v. Yurko, supra. Thus there is no separate cause of action for civil conspiracy as an independent tort, separate from another legally recognized civil wrong ...
As for the fraud count, although it is wordy and repetitive, it merely places the label "fraud" on the repeated allegation that defendants adduced a false survey into evidence and gave false testimony about the survey in the earlier tenant eviction trial. By any other name, this rose is really a thinly veiled attempt to recover damages for perjury or false evidence given in an earlier trial. Both Wright and Perl make clear that Florida recognizes no such cause of action under any theory, a position "overwhelmingly adopted by the weight of authority." Wright, supra at 1164. Permitting the kind of claim plaintiffs present here would inhibit the willingness of witnesses to give full and frank testimony in court for fear of later being sued by the losing party  even where the witness honestly believed his testimony. Such a result could render our adversarial system impotent. The remedy beyond a new trial, if indeed there has been knowingly given false testimony (a conclusion which even the presiding judge at the eviction trial here in granting the new trial was unable to reach), is for the criminal process, the Florida Bar or other offices of government.
We have also considered, and reject, appellants' contention that these issues have previously been decided by this court in a prior appeal, Regal Marble, Inc. v. Drexel Inv. Inc., 515 So.2d 1015 (Fla. 4th DCA 1987), rev. denied, 525 So.2d 877 (Fla. 1988). Upon a review of the opinion in that appeal and the record in each case, we find no error or abuse of discretion in the trial court's conclusion that the issue considered in that appeal did not establish a law of the case as to the entirely different issues considered for the first time here. Additionally, we find no error in the trial court's conclusion that plaintiffs waived and abandoned a negligence claim that was dismissed with prejudice by an earlier final judgment in this case where that dismissal was not raised or challenged in the first appeal. Polyglycoat Corp. v. Hirsch Distrib., Inc., 442 So.2d 958 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 848 (Fla. 1984).
Therefore, the final judgment is affirmed.
ANSTEAD, J. and OWEN, WILLIAM C., Associate Judge, concur.
NOTES
[1] The appellants (tenants) were granted relief in the eviction action when these matters were brought to the attention of the trial court in that case by a motion under Florida Rule of Civil Procedure 1.540.