[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11664

Non-Argument Calendar

_____

ROSANA BOULHOSA NASSAR,

Plaintiff-Appellant,

*versus*

EDUARDO BOULHOSA NASSAR,

Defendant- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14033-RLR

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Rosana Nassar, proceeding *pro se*, appeals the grant of summary judgment for Eduardo Nassar on her complaint alleging malicious prosecution.[1] She argues that the district court erred in ruling that Eduardo had probable cause to institute a 2012 lawsuit against Rosana alleging defamation and intentional infliction of emotional distress. She also argues that the district court erred in ruling that Eduardo's dismissal of the lawsuit did not constitute a *bona fide* termination in her favor. Because the district court correctly found that there are no genuine issues of fact regarding whether Eduardo had probable cause to institute the lawsuit, we need not reach the question of whether the lawsuit ended in a *bona fide* termination in Rosana's favor. Accordingly, we affirm.

## I.

In July 2012, Eduardo sued Rosana alleging defamation and intentional infliction of emotional distress in Florida state court. The suit was based on Rosana's public allegations that Eduardo had sexually assaulted her during their childhood. Rosana responded with a counterclaim as a defense, and the parties litigated for two and a half years. On December 5, 2014, Eduardo filed a voluntary

---

[1] Because the parties have the same last name, we refer to them by their first names for the sake of clarity.

notice of dismissal. In November 2018, Rosana, filed a complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, against Eduardo.

Rosana's complaint alleged malicious prosecution under Florida law. In relevant part, Rosana claimed that Eduardo had "acted without probable cause in instituting or continuing the proceeding against [Rosana] when the circumstances were insufficient and not reasonably justified," and that Eduardo "could not prove the truthfulness of his claim." Rosana also attached Eduardo's 2012 complaint as an exhibit.

On January 30, 2020, pursuant to 28 U.S.C. §§ 1441 and 1446, Eduardo filed a notice of removal in the United States District Court for the Southern District of Florida, alleging federal jurisdiction under 28 U.S.C. § 1332.

Following discovery, Eduardo moved for summary judgment, arguing that Rosana could not establish the elements required to succeed on a claim of malicious prosecution. He contended that he had probable cause to institute the defamation proceeding because, as detailed in his complaint, Rosana had posted defamatory remarks about him online to ruin his personal and professional reputation. He pointed out that his complaint had identified several websites where Rosana had published the statements and the various legal actions that he had taken in Brazil to stop their publication. In support of his motion for summary judgment, Eduardo attached a copy of his notarized affidavit asserting the following facts.

Rosana opposed Eduardo's motion for summary judgment and filed a statement of disputed facts. In relevant part, Rosana argued that the mere fact that Eduardo filed the complaint in order to have the posts removed did not establish that he had probable cause. However, Rosana's response in opposition does not include an affidavit, deposition, or any other sworn documentary evidence averring that the statements she made about Eduardo were true.

The district court granted Eduardo's motion for summary judgment. It noted that Rosana had satisfied the first two elements of her malicious prosecution claim because the parties did not dispute that Eduardo had commenced a civil lawsuit against her. However, the court found that Rosana failed to satisfy the third and fourth elements of her malicious prosecution claim because (1) Eduardo had probable cause to institute the proceeding, and (2) there had not been a *bona fide* termination of the proceeding in Rosana's favor.

Rosana timely appealed. Although Rosana also filed a motion for summary judgment, she does not challenge the district court's denial of her motion for summary judgment on appeal. Accordingly, we address only the district court's rulings on Eduardo's motion.

## II.

We review a grant of summary judgment *de novo*, applying the same legal standards as the district court. *Yarbrough v. Decatur Hous. Auth.*, 941 F.3d 1022, 1026 (11th Cir. 2019). "When

considering a motion for summary judgment, . . . courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party and when conflicts arise between the facts evidenced by the parties, they must credit the nonmoving party's version." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) (cleaned up). At the same time, factual disputes must be genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.

To succeed on a malicious prosecution claim under Florida law, a plaintiff must establish (1) there was an original judicial proceeding against the present plaintiff; (2) "the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding"; (3) there was a *bona fide* termination of that proceeding in favor of the present plaintiff; (4) the original proceeding lacked probable cause; (5) malice; and (6) damages from the original proceeding. *Debrincat v. Fischer*, 217 So. 3d 68, 70 (Fla. 2017) (quoting *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994)). Rosana's inability to prove any one of these elements defeats her claim. *See Mancusi*, 632 So. 2d at 1355. The district court concluded Rosana could not establish the original proceeding lacked probable cause. We agree. Accordingly, we need not reach the issue of whether the lawsuit ended in a *bona fide* termination for Rosana.

A malicious prosecution plaintiff may establish that the instigator of a prior suit lacked probable cause by proving that the instigator lacked "a reasonable belief, based on facts and circumstances know to him, in the validity of the claim." *Wright v. Yurko*, 446 So. 2d 1162, 1166 (Fla. Dist. Ct. App. 1984). In other words, the instigator must have had "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Goldstein v. Sabella*, 88 So. 2d 910, 911 (Fla. 1956) (quoting *Dunnavant v. State*, 46 So. 2d 871, 874 (Fla. 1950)). "Probable cause in the context of a civil suit is measured by a lesser standard than in a criminal suit." *Wright*, 446 So. 2d at 1166.

The district court cited Eduardo's affidavit for the proposition that Rosana "admit[ed] to posting negative information against [Eduardo] on the internet." The court reasoned that because Rosana failed to refute Eduardo's allegations that she posted negative content about him, she could not rebut Eduardo's assertion that the original suit lacked probable cause.

Rosana claims she refuted this allegation in her pleadings to the district court. In her pleadings, Rosana noted that if her statements were "perceived as negative, it is because of the negative aspect of the[] events . . . which refer to the pain and suffering of the plaintiff as a consequence of Eduardo's acts against her." Accordingly, Rosana argued, the "facts narrated in [her] book can be interpreted as negative, but not defamatory." Further, Rosana denied

that any defamatory posts were made and pointed out that the only evidence supporting Eduardo's assertions about probable cause was his affidavit.

However, absent from Rosana's statement of facts is a citation to any affidavit or sworn declaration supporting her assertions that she had posted negative but truthful information online. Unsworn statements cannot be considered by a district court at the summary judgment stage. *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003). As such, Rosana's unsworn statements are "incompetent to raise a fact issue precluding summary judgment." *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022). Accordingly, the district court did not err in concluding that Rosana failed to dispute Eduardo's sworn affidavit and granting summary judgment in his favor.

## IV.

**Affirmed.**