Robert C. GILL a/k/a R. Christopher
Gill, Plaintiff,

v.

Milton KOSTROFF, et al., Defendants.

No. 98–930–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 8, 2000.

Atlee W. Wampler, III, Wampler, Buchanan & Breen, P.A., Miami, FL, for

Donald R. Kirk, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Milton Kostroff, defendant.

Edward O. Savitz, Alicia Jean Schumacher, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, Donald R. Kirk, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Ladd H. Fassett, Fassett, Anthony & Taylor, P.A., Orlando, FL, Alison C. Warren, Wampler, Buchanan & Breen, P.A., Miami, FL, J. Anthony Love, Kilpatrick, Stockton, LLP, Atlanta, GA, for Equifax Credit Information Services, Inc. fka, Choicepoint Services, Inc., defendant.

Christopher L. Griffin, Raul Valles, Jr., Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for FCC National Bank aka First Card, defendant.

Ladd H. Fassett, Fassett, Anthony & Taylor, P.A., Orlando, FL, for Credit Data Services, Inc., defendant.

Anne Auten, Jones, Day, Reavis & Pogue, Chicago, IL, Jeffrey D. Murphy, Burton & Murphy, Tampa, FL, for TRW, Inc., Experian Information Solutions, Inc., defendants.

Thomas B. Miller, Paxton, Crow, Bragg, Smith & Nelson, P.A., West Palm Beach, FL, Mark E. Kogan, Bruce S. Luckman, Marion, Satzberg, Trichon & Kogan, P.C., Philadelphia, PA, for Trans Union Corp., defendant.

Dale W. Vash, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Merchants Association of Florida, Inc., Merchants Association Credit Bureau, Inc., defendants.

## ORDER

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on: Plaintiff, Robert C. Gill's, Motion for Par-

tial Summary Judgment against Defendants Kostroff and First Card, [a/k/a "FCC National Bank"] (Dkt.144), filed on November 17, 1999; Defendant, First Card's, Memorandum in response to Motion for Partial Summary Judgment, (Dkt.160), filed on December 7, 1999; and Defendant, Milton Kostroff's, Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment Against Kostroff, (Dkt.166), filed on December 10, 1999.

## I. PROCEDURAL BACKGROUND

On April 30, 1998, Plaintiff filed a Complaint with this Court alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, [hereinafter "FDCA"] against Defendant Kostroff.

On August 17, 1998, Plaintiff filed a First Amended Complaint for Damages. (Dkt.16). Plaintiff's First Amended Complaint added Defendants FCC National Bank, a/k/a "First Card", Credit Data Services, Inc., Choicepoint Services, Inc., f/k/a Equifax, Inc., TRW, Inc., Trans Union, Experian Information Solutions, Inc., and Merchants Association of Florida, Inc. In addition to adding the previously named Defendants, Plaintiff's First Amended Complaint added allegations against Defendants for violations of the Florida Consumer Practices Act, Fla.Stat. § 559.72, *et seq.*, defamation, intentional infliction of emotional distress, malicious prosecution, negligence, and willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

On November 19, 1998, Plaintiff filed a Second Amended Complaint for Damages. (Dkt.64). Plaintiff's Second Amended Complaint substituted Defendant Choicepoint Services with Equifax Credit Information Services and corrected the name of one Defendant from Trans Union to Trans Union Corporation.

On November 8, 1999, Plaintiff filed a Motion with Memorandum in Support for Leave to Amend Plaintiff's Second Amended Complaint to Add Request for Punitive Damages. (Dkt.137). On November 12, 1999, this Court granted Plaintiff's Motion for Leave to Amend to add punitive damages. In response to the Court's November 12, 1999, Order, Defendant First Card filed a Motion to Vacate Order Granting Plaintiff's Motion to Amend Second Amended Complaint and simultaneously filed a response to Plaintiff's Motion to Amend. (Dkt.151).

On November 10, .1999, Defendant Trans Union Corporation filed a Motion for Summary Judgment, (Dkt.138), and on November 17, 1999, Plaintiff filed a Motion for Partial Summary Judgment against Defendants Kostroff and First Card. Plaintiff states, in support of partial summary judgment, that Defendant Kostroff violated the FDCA by filing an action against Plaintiff in the wrong venue and by failing to send the proper notice of commencement of proceedings to Plaintiff. Plaintiff further states that Defendant Kostroff cannot claim a "bona fide error" defense because Defendant Kostroff did not maintain reasonable procedures to prevent the violations committed. Plaintiff states that Defendants Kostroff and First Card have violated the Florida Consumer Collection Practices Act, defamed Plaintiff, maliciously prosecuted Plaintiff, and acted negligently. In addition to the previously stated allegations against Defendants Kostroff and First Card, Plaintiff states that Defendants Kostroff and First Card cannot submit a defense to the above allegations because Defendants Kostroff and First Choice have chosen not to disclose information regarding communications to Plaintiff. As Defendants Kostroff and First Card have failed, according to Plaintiff, to disclose information on communications to Plaintiff, Plaintiff states that Defendants Kostroff and First Card should not be permitted to use this information to defend themselves.

## II. FACTUAL BACKGROUND

The following factual allegations are taken from Plaintiff's Third Amended Complaint. (Dkt.141). In May 1995, Plaintiff opened a credit card account with Defendant First Card, which was subsequently closed in August 1995. Shortly after Plaintiff closed the First Card credit card account, Defendant First Card issued a fraudulent account to an unknown person using Plaintiff's identification information. Plaintiff states that Defendant First Card permitted the unknown individual using Plaintiff's identification information to wire transfer approximately $20,000.00 from the fraudulent credit card account, even after being informed by Plaintiff that the account was fraudulent and that Plaintiff was being victimized.

As a result of Defendant First Card's actions, or lack thereof, Plaintiff states that false information was reported to various credit reporting agencies. In addition to reporting false information to credit reporting agencies, Plaintiff states that Defendant First Card continued to attempt to collect the balance of the fraudulent account by threatening Plaintiff. Plaintiff states that Defendant First Card made numerous harassing telephone calls to Plaintiff and retained Defendant Kostroff, an attorney, to collect the balance of the fraudulent account. As a result of Defendant First Card and Defendant Kostroff's actions, a judgment was entered against Plaintiff in the State of New York for the balance of the credit card account. Plaintiff states that the judgment was entered against Plaintiff without providing notice to Plaintiff, in violation of Florida venue laws. After judgment was entered against Plaintiff in the State of New York, an income execution was entered and served on Plaintiff's employer at Plaintiff's employer's New York office. After Plaintiff gained knowledge of the judgment and the surrounding circumstances, Defendant First Card consented to vacation of the judgment, a motion to vacate was filed in the New York action, and the judgment was vacated.

In addition to the mental anguish, emotional distress, lost wages, and damage to Plaintiff's reputation that resulted from Defendants Kostroff and First Card's actions, Plaintiff claims that Defendants reported fraudulent information to various credit reporting agencies, including: TRW, Trans Union, and Experian. The information was transmitted to the credit reporting agencies from September 1995 until 1997. Plaintiff states that as the fraudulent information was discovered, Plaintiff notified the credit reporting agencies, however, Defendants TRW, Trans Union, Experian, and their agents, failed and/or refused to properly investigate the matter and failed and/or refused to correct the false information.

## III. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue of material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is

'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of genuine issues of material fact. *See id.* That burden can be discharged by "showing ... that there is an absence of evidence to support the non-moving party's case." *See id.* at 323, 325, 106 S.Ct. 2548.

Issues of fact are " 'genuine' only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *See id.* at 248, 106 S.Ct. 2505. In determining whether a material fact exists, the court must consider all the evidence in a light most favorable to the non-moving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *See Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir., 1979) (quoting *Gross v. Southern Railway Co.,* 414 F.2d 292, 297 (5th Cir.1969)).

Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *See Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of "nothing more than a repetition of his conclusional allegations,"

summary judgment is not only proper but required. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981).

## B. Fair Debt Collection Practices Act

Plaintiff states that summary judgment is warranted as to Count I of Plaintiff's Third Amended Complaint because Defendant Kostroff violated the FDCA. In support of summary judgment, Plaintiff states that: Defendant Kostroff is subject to the FDCA; that Defendant Kostroff violated the FDCA by filing a law suit in violation of 15 U.S.C. § 1692(f)(1); that Defendant Kostroff violated 15 U.S.C. § 1692i(a)(2) by filing the action against Plaintiff in the wrong venue; and that Defendant Kostroff violated 15 U.S.C. § 1692g by failing to send the proper notice of commencement of proceedings to Plaintiff. Plaintiff also asserts, as to Count I, that Defendant Kostroff cannot claim the "bona fide error" defense because Defendant Kostroff failed to maintain reasonable procedures to prevent the violations committed.

Defendant Kostroff replies to Plaintiff's Motion for Partial Summary Judgment by stating that Plaintiff misconstrued the application of, and that a genuine issue of material fact exists as to the application of, the bona fide defense. (Dkt.166). Defendant Kostroff states that Plaintiff has cited statements made in Defendant Kostroff's deposition that appear to damage Defendant Kostroff's defense, however, when examined in the entire context of the deposition, the statements are not damaging to Defendant Kostroff.

The FDCA, 15 U.S.C. § 1692 *et seq.,* was enacted to protect consumers from and to eliminate "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCA also protects debt collectors who refrain from using abusive debt collection practices from being competitively disadvantaged. *See id.* Congress enacted the FDCA after finding

"abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress also found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *See id.*

The FDCA states, in pertinent part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A debt collector may not collect from a consumer "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f.

Any debt collector who brings a legal action against a consumer on a debt must, under 15 U.S.C. § 1692i:

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1) bring such action only in the judicial district or similar legal entity

(a) in which such consumer signed the contract sued upon; or

(b) in which such consumer resides at the commencement of the action.

In addition, a consumer debt collector must, within five (5) days after the initial communication with the consumer, unless the initial communication contains this information or the consumer has paid the debt in full, send the consumer notice in writing of:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain a verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

If a consumer debt collector violates the FDCA, the debt collector may be subject to civil liability. 15 U.S.C. § 1692k. Pursuant to the FDCA, the debt collector could be held liable for damages actually sustained by the injured person, additional damages not exceeding $1,000.00, and costs and attorney's fees incurred. 15 U.S.C. § 1692k. However, in an action brought against a consumer debt collector under the FDCA, a debt collector may not be held liable if the debt collector shows "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Plaintiff in the case at hand alleges that Defendant Kostroff violated the FDCA by: filing a lawsuit against Plaintiff when

Plaintiff was not indebted to Defendant First Card; filing an action against Plaintiff in the incorrect venue; and by failing to send proper notice of the suit to Plaintiff. Plaintiff further states that the "bona fide error" defense does not apply to Defendant Kostroff because Defendant Kostroff failed to maintain adequate procedures to avoid violation of the FDCA.

■ Defendant Kostroff, however, has submitted sufficient evidence to establish the existence of factual disputes. Defendant Kostroff states that adequate procedures to avoid violation of the FDCA were used and that Plaintiff cannot establish otherwise. In addition, Defendant Kostroff maintains that the "bona fide error" defense properly applies to Plaintiff's claims. In support of this argument, Defendant Kostroff states that his office maintained procedures reasonably adapted to avoid the errors Plaintiff claims were made. Defendant Kostroff states that for every First Card file Defendant Kostroff received, Defendant Kostroff's office mailed Notice Letters with express instructions to the post office to confirm and, if necessary, update the residential address of the debtors. Defendant Kostroff also relied on the information provided to him by Defendant First Card, which according to Defendant Kostroff was normally reliable and accurate. Once process was required to be served Defendant Kostroff relied on the most reliable process server to serve process and verify the consumer's address information. In addition, Defendant Kostroff states that Plaintiff has failed to show the Court that Defendant Kostroff acted intentionally in committing any alleged violation of the FDCA.

As Defendant Kostroff has alleged sufficient facts and supporting evidence to establish a genuine issue of material fact, and because the inquiry into whether a debt collector's procedures are reasonable is, "by its nature, fact-intensive, and should therefore typically be left to the jury," *Narwick v. Wexler*, 901 F.Supp. 1275, 1282 (N.D.Ill.1995), the Court finds that summary judgment is not warranted. Plaintiff has failed to establish the absence of genuine issues of material fact and therefore has failed to satisfy its burden of proof for summary judgment as to Count I of Plaintiff's Third Amended Complaint.

**C. Florida Consumer Collection Practices Act**

As to Count II, Plaintiff states that summary judgment is warranted because Defendant's Kostroff and First Card violated the Florida Consumer Collection Practices Act. Fla.Stat. § 559.72. Plaintiff states that Defendants Kostroff and First Card violated: Fla.Stat. § 559.72(4) by communicating or threatening to communicate with Plaintiff's employer prior to obtaining a judgment against Plaintiff; Fla.Stat. § 559.72(5) by, according to Plaintiff, disclosing information to a person other than Plaintiff or Plaintiff's family that reflects upon Plaintiff's reputation with knowledge that the person to whom they reported has no legitimate business reason for obtaining the information or that the information is false; Fla.Stat. § 559.72(6) by disclosing information concerning the debts that Defendants Kostroff and First Card knew were reasonably disputed by Plaintiff, without providing the proper disclosures regarding the disputed information; and Fla.Stat. § 559.72(9) by attempting or threatening to enforce a debt with knowledge that the debt was not legitimate.

**i. Fla.Stat. § 559.72(4)**

Plaintiff states that Defendant's Kostroff and First Card violated Fla.Stat. § 559.72(4) by publishing an income execution to Plaintiff's employer. Fla.Stat. § 559.72(4) states that a consumer debt collector shall not:

Communicate or threaten to communicate with a debtor's employer *prior to*

*obtaining a final judgment* against the debtor, unless the debtor gives his permission in writing to contact his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling a debtor that his employer will be contacted if a final judgment is obtained. (emphasis added).

■ As Plaintiff states, it is undisputed that "after obtaining the default judgment, [Defendant] First Card and [Defendant] Kostroff published an income execution to [Plaintiff's] employer in an effort to garnish [Plaintiff's] wages...." (Dkt.144). Even though Plaintiff admits that a default judgment was entered by a New York court against Plaintiff, Plaintiff seeks to establish that the entry of default was not a final judgment. However, Plaintiff merely states that because the default judgment was subsequently vacated after consent by all parties, that the default judgment was not final. However, Plaintiff submits nothing to support this theory. Without more than Plaintiff's conclusory allegations, the Court will not enter summary judgment in Plaintiff's favor. Plaintiff has admitted to the existence of a final judgment, and has failed to assert anything more than opinion to establish otherwise. Therefore, the Court finds that summary judgment is not warranted as to Count II of Plaintiff's Third Amended Complaint based on Fla.Stat. § 559.72(4).

ii. Fla.Stat. § 559.72(5),(6), and (9)

Plaintiff states that Defendants Kostroff and First Card violated Fla.Stat. § 559.72(5) by disclosing to Plaintiff's employer the existence of consumer debt information, through the income execution, with knowledge or reason to know, that the information contained therein was false. Fla.Stat. § 559.72(5) states that no consumer debt collector shall:

Disclose to a person other than the debtor or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false....

Plaintiff states that Defendants Kostroff and First Card violated Fla.Stat. § 559.72(6) by disclosing information relating to a debt that Defendants Kostroff and First Card knew or had reason to know was disputed by Plaintiff. Fla.Stat. § 559.72(6) states that a consumer debt collector shall not:

Disclose information concerning the existence of a debt know to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days....

In addition to the above allegations, Plaintiff states that summary judgment is warranted against Defendants Kostroff and First Card because Defendants Kostroff and First Card have violated Fla. Stat. § 559.72(9).

Fla.Stat. § 559.72(9) states that a consumer debt collector must not "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist...."

In support of the allegation that Defendants Kostroff and First Card violated Fla.Stat. § 559.72(5), Plaintiff states that Defendants Kostroff and First Card violat-

ed Florida law by publishing the income execution to Plaintiff's employer. Plaintiff states that Defendants Kostroff and First Card had knowledge or reason to know of the falsity of the income execution or the information reported therein, because Defendant First Card's records showed that Plaintiff was not responsible for the fraudulent account.

■ However, Plaintiff cites to no deposition transcript or other evidence that establishes Defendants Kostroff and First Card's alleged knowledge. In particular, Plaintiff failed to address the fact that the income execution was published to Plaintiff's employer only after the final default judgment was entered against Plaintiff.

In the paragraph devoted to Fla.Stat. § 559.72(6), Plaintiff merely states that "[Defendant] First Card's records clearly show that the debt claimed in the original action against Plaintiff was disputed by Plaintiff. [Defendant] Kostroff could have easily ascertained this information through a limited investigation." (Dkt.144). Plaintiff cites no evidence and submits no other argument on the alleged violations of Fla. Stat. § 559.72(6).

In connection with Fla.Stat. § 559.72(9) Plaintiff states that Defendants Kostroff and First Card violated the law by filing the New York lawsuit against Plaintiff. In addition, Plaintiff states that Defendant Kostroff further violated the law by attempting to collect the fraudulent debt from Plaintiff without reasonably investigating the validity of the debt.

After thoroughly reviewing the entire record of this case, the Court finds that Plaintiff's Motion for Partial Summary Judgment as to Count II of Plaintiff's Third Amended Complaint based on alleged violations of Fla.Stat. § 559.72(5), (6), and (9) must be denied. Plaintiff has failed to assert anything more than opinion, conjecture, and conclusions, to estab-

lish that summary judgment is warranted. Plaintiff cites nothing in the record and provides no evidence of Defendants Kostroff and First Card's alleged violations. Without more than conclusory allegations summary judgment is not warranted.

### D. Defamation

Plaintiff states that because Defendants Kostroff and First Card published a false income execution to Plaintiff's employer which, according to Plaintiff, "imputed that [Plaintiff] was a dead beat and did not pay his bills responsibly," summary judgment is warranted.

■ To establish defamation against a non-public figure, this Court has held that a party must prove that: "(1) a false and (2) defamatory (3) statement of fact (4) concerning another, [was] (5) published to a third party (6) negligently." *Anthony Distributors, Inc. v. Miller Brewing Co.*, 941 F.Supp. 1567, 1577 (M.D.Fla. 1996). "Under Florida law, words are defamatory when they charge a person with an infamous crime or tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession." *Id.* at 1578. Without proof that each element of a defamation claim is satisfied, the entry of summary judgment is not proper.

■ Plaintiff, in the case at hand, has failed to establish sufficient evidence or allegations to prove to the Court that the entry of summary judgment is proper as to Count III of Plaintiff's Third Amended Complaint. While Plaintiff acknowledges and cites the elements necessary to assert a claim for defamation, Plaintiff provides the Court with no evidence establishing the existence of those elements. Plaintiff merely states that "Defendants published a false statement, the statement was communicated to a third party, and [Plaintiff] suffered damages as a result of the publi-

cation." (Dkt.144). Plaintiff, without informing the Court on how and where this was proven, states that "[Plaintiff] has proven that [Defendant] Kostroff and [Defendant] First Card published a false statement." (Dkt.144). Nowhere in the record is it established that Plaintiff has "proven" that Defendants Kostroff and First Card published a false statement regarding Plaintiff.

Plaintiff has also failed to prove, in a manner sufficient to warrant the entry of summary judgment, that the information allegedly published by Defendants Kostroff and First Card was defamatory in nature. Plaintiff merely states that the income execution served on Plaintiff's employer "imputed that [Plaintiff] was a dead beat and did not pay his bills responsibly." Plaintiff alleges that "the act of providing the employer with the income execution and the act of making the negative imputations has held the Plaintiff up to public scorn and ridicule … and made the imputation that the Plaintiff was a dead beat...." (Dkts.141, 144). While Plaintiff makes allegations concerning the imputations created by the income execution, Plaintiff has failed to show the Court any specific proof that such imputations exist. Once again, the Court reminds Plaintiff that Plaintiff's word alone is not sufficient to warrant the entry of summary judgment. As the Court finds nothing to support the entry of summary judgment in Plaintiff's favor, the Court denies Plaintiff's Motion for Partial Summary Judgment as to Count III of Plaintiff's Third Amended Complaint.

### E. Malicious Prosecution

Plaintiff asserts that summary judgment is proper, as to Count V of Plaintiff's Third Amended Complaint, because Defendants Kostroff and First Card referred to and relied on false and incorrect information about Plaintiff "in order to commence a lawsuit against [Plaintiff] for debt on [a]

fraudulent account." (Dkt.144). In support of summary judgment, Plaintiff cites to *Alamo Rent–A–Car, Inc. v. Mancusi,* 632 So.2d 1352 (Fla.1994), which states that in order to prove a case for malicious prosecution Plaintiff needs to prove:

(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as to the result of the original proceeding.

*Alamo Rent–A–Car, Inc.,* 632 So.2d at 1355. In addition to setting out the requirements for establishing a claim for malicious prosecution, *Alamo Rent–A–Car, Inc.* states that "[t]he failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Id.*

In the case at hand, the Court finds that Plaintiff is not entitled to summary judgment as to Count V of Plaintiff's Third Amended Complaint. The Court finds that genuine issues of material fact exist as to Count V of Plaintiff's Third Amended Complaint alleging malicious prosecution against Defendants Kostroff and First Card. In particular the Court finds that Plaintiff has failed to establish, to the extent required by law, that: Defendants Kostroff and First Card had no probable cause to file the complaint against Plaintiff in the New York action; that the vacation of the New York judgment was a bona fide termination; and that Defendants Kostroff and First Card acted with malice.

The Court acknowledges that the Court is required to decide probable cause

as a question of law when the facts submitted by the parties are found to be undisputed or true. *See id.* at 1357. However, the Court is not required to decide the issue of probable cause where the facts are disputed. *See id.* at 1357. It is generally held that the standard to be used when deciding the issue of probable cause is whether the defendant in the malicious prosecution action "reasonably could have believed" that the person sued in the previous action was guilty of the claims previously alleged against them. *State v. Cote,* 547 So.2d 993, 996 (Fla. 4th DCA 1989). The standard for establishing probable cause in a civil action is extremely low and easily satisfied. *See Wright v. Yurko,* 446 So.2d 1162, 1166 (Fla. 5th DCA 1984).

A determination of whether probable cause exists is based on the facts known by the defendant in the malicious prosecution action at the time the underlying action was initiated, not some later point in time. *See United States v. Irurzun,* 631 F.2d 60, 62 (5th Cir.1980). As Defendant Kostroff correctly points out, the information upon which the defendant in a malicious prosecution action relied does not need to be information gained first-hand by the defendant, the information can be based on trustworthy information that was provided to the defendant. *See id.*

Defendant Kostroff has submitted and cited to various deposition transcripts that establish investigation into Plaintiff's address, employment, and employment address before the New York action was initiated. (Dkt.166) (citing Kostroff Depo. at pp. 48:5–21; 86:2–5, 14–25; 87:2–16; 123:110–17; 132:4–14; and 133:6–24; Stratham Depo at pp. 19–20:9–25; 34:17–21; 63:9–21; and 79–82:13–25). Defendant First Card has also cited to evidence establishing the existence of probable cause. Defendant First Card states that: Plaintiff was "avoiding his calls"; charges on the alleged fraudulent account were not only made in New York, but were also made in St. Petersburg, Florida, where Plaintiff resided; and an investigator reasonably believed that Plaintiff was residing in both New York and Florida. (Dkt.160) (citing Dean Depo. at pp. 139:9–20; 140:21–142::12; 179:10–180:14; 200:18–201:16).

While Plaintiff states that no probable cause existed for the initiation of the New York action, the Court finds that Plaintiff's arguments are flawed. Plaintiff states that because the entry of default judgment against Plaintiff in the New York cause of action was eventually vacated, no probable cause existed for bringing the action. This simply is not the case. Common sense dictates that in determining whether probable cause exists for the initiation of a previous action, a defendant can only be required to rely on information reasonably obtained and known to the defendant at the time the cause of action was initiated. Plaintiff would have the Court find that Defendants Kostroff and First Card were required to look into the future and predict whether probable cause existed based upon information that was only later to be gained. This is unreasonable.

When initiating the original cause of action, the defendant in a malicious prosecution action could only rely on information that was obtained by the time the action was initiated, as opposed to information later gained through discovery, in-depth inquiry, and communications. If after discovery, inquiry, and communications, the parties learn that the suit is improper, the parties should act exactly as Defendants Kostroff and First Card acted with regard to the New York cause of action. If the action and judgment are not warranted, the parties should consent to dismiss the action or move to vacate the judgment, as Defendants Kostroff and First Card did. In short, a plaintiff cannot be forced to rely on information and knowledge they do not possess.

In addition to the Court's findings on probable cause, the Court finds that Plaintiff has completely failed to establish that the vacation of the entry of default against Plaintiff is a bona fide termination of the suit and has also failed to establish that Defendants Kostroff and First Card acted maliciously in initiating the New York cause of action. In order to establish that the termination of the New York cause of action was a bona fide termination, Plaintiff must show that the suit was concluded on the merits. *See Della–Donna v. Nova Univ., Inc.,* 512 So.2d 1051, 1057 (Fla. 4th DCA 1987). Voluntary dismissals are not considered bona fide terminations. *See Cline v. Flagler Sales Corp.,* 207 So.2d 709, 710 (Fla. 3rd DCA 1968) (also stating that settlements do not support actions for malicious prosecution). Plaintiff has failed to prove to the Court that the consent to vacate the default judgment in the New York action was a bona fide termination. Plaintiff merely concludes that it was a bona fide termination, which is not sufficient to support the entry of summary judgment.

In addition Plaintiff fails to provide the Court with evidence of Defendants Kostroff and First Card's malice. Plaintiff merely states that "[s]ince there was clearly no probable cause to bring the action on the part of [Defendant] Kostroff and [Defendant] First Card, since a minimal investigation of [Defendant] First Card's records would have revealed that no probable cause existed, and since all of the Defendants' action were in violation of the FDCA as explained above, the Defendants' actions are grossly negligent and clearly indifferent to [Plaintiff] ... [and] therefore ... the present [D]efendants filed the original action with malice." (Dkt.144). Plaintiff cites nothing in the record and provides nothing to the Court to show the existence of the alleged malice held by Defendants Kostroff and First Card. Plaintiff's one-sentence conclusion is not enough. As Defendants Kostroff and First Card have asserted sufficient evidence establishing the existence of a genuine issue of material fact as to essential elements of Plaintiff's claim, summary judgment is not proper.

## F. Negligence

According to Plaintiff, Defendants Kostroff and First Card because Defendants Kostroff and First Card have acted negligently by: opening the alleged fraudulent First Card account; failing to contact Plaintiff for authorization to open the alleged fraudulent First Card account; reporting false and fraudulent information to the credit reporting agencies; ignoring Plaintiff's alleged repeated notices that the account was fraudulent; without probable cause to file suit against Plaintiff, filing suit against Plaintiff; failing to investigate information prior to filing suit in New York; and by causing an income execution to be served on Plaintiff's employer. Plaintiff states that Defendants Kostroff and First Card had a duty to protect Plaintiff, that Defendants Kostroff and First Card violated that duty by taking the above described actions, and Plaintiff has suffered damages as a result of those actions.

Once again, the Court finds that summary judgment is not warranted. Plaintiff has merely reiterated the various conclusional allegations contained throughout Plaintiff's Third Amended Complaint. Plaintiff has not provided the Court with any evidence of Defendant Kostroff's or Defendant First Card's alleged negligence, and has failed to show the Court evidence to support even one element of negligence. Plaintiff relies only on conclusion, conjecture, and speculation. Plaintiff's conclusions, conjecture, and speculation do not alone provide a sufficient basis for the entry of summary judgment.

## G. Privilege

In addition to the previously discussed requests for summary judgment, Plaintiff

states that summary judgment is warranted because Defendant Kostroff "has no defense to any counts alleged against him because Defendant Kostroff has not disclosed information and documents because of privilege." Plaintiff states that Defendant Kostroff failed to disclose information and documents to Plaintiff because of attorney-client privilege. Plaintiff states that Defendant Kostroff should not be permitted to use the attorney-client privilege as both a sword and shield. According to Plaintiff, Defendant Kostroff has failed to provide Plaintiff with information and documents and, therefore, should not be permitted to use that information to defend against Plaintiff's allegations. Plaintiff states that without the use of this attorney-client information, Defendant Kostroff is unable to establish any defense to Plaintiff's allegations.

Plaintiff has, however, failed to provide information of such a character to warrant the entry of summary judgment. Plaintiff's speculation about Defendant Kostroff's defense does not provide any basis for summary judgment. At the time Plaintiff's Motion for Partial Summary Judgment was filed, Plaintiff had no evidence that Defendant Kostroff had relied on information previously protected by the attorney-client privilege. Plaintiff merely sought to anticipate Defendant Kostroff's defense.

The Court is not in the business of anticipating what parties will or will not do. If and when a party acts in a manner that is inconsistent with privileges previously asserted, or in any manner that requires the Court's attention, a motion regarding that action is appropriate. Should Defendant Kostroff or any other party act in a manner that is inconsistent with privileges previously asserted, any other party may, if deemed appropriate, file a motion addressing that action with the Court. Until Defendant Kostroff acts in the manner predicted by Plaintiff, Plaintiff's motion is untimely. Accordingly, it is

**ORDERED** that Plaintiff, Robert C. Gill's, Motion for Partial Summary Judgment against Defendants Kostroff and First Card, (Dkt.144), be **DENIED.**