**Wanda CANADY, Plaintiff,**

v.

**WISENBAKER LAW OFFICES, P.C., Defendant.**

**No. CIV.A. 1:04CV2658WBH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 16, 2005.

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

Charles Winfred Tab Billingsley, Jr., James Thompson McDonald, Jr., Swift Currie McGhee & Hiers, Atlanta, GA, for Defendant.

## ORDER

HUNT, District Judge.

This Fair Debt Collection Practices Act case is before the Court on Defendant's Motion for Summary Judgment [15], and Plaintiff's Motion for Partial Summary Judgment [30]. For the reasons stated below, Defendant's Motion for Summary Judgment [15] is DENIED, and Plaintiff's Motion for Partial Summary Judgment [30] is GRANTED.

## I. BACKGROUND

This case involves Defendant's collection on behalf of a client of a consumer credit card debt against Plaintiff. Defendant, the Wisenbaker Law Firm, is a Georgia corporation with several practice areas, including representing creditors in consumer debt collection actions. In April of 2003, Bureaus PL, LLC No. 1 (hereinafter "Bureau") retained Defendant to collect an unpaid credit card balance owed by Plaintiff, Wanda Canady.[1] The information provided to Defendant from Bureau stated that Plaintiff had an outstanding credit card balance in excess of $7,000.00 and that she failed to make her scheduled payments.

Defendant's "Collections/Litigation Procedural Overview" policy manual provides that lawsuits against individuals seeking to collect an unpaid debt should be filed in the county where the individual resides.

*See* Wisenbaker Depo. [43], Ex. P–2 at 2. That manual also provides that if a return of service from the Sheriff's department indicates that the consumer's address is located in a county different from the county where the collection action is filed, then the firm needs to transfer the case to the correct county and re-serve the consumer. *Id.* at 3.

According to Defendant, after being retained by Bureau, it attempted to determine and locate a correct address for Plaintiff by sending letters to purported addresses for Plaintiff in both Georgia and New Jersey, all of which were returned. Defendant then requested updated address information from the United States Postal Service ("USPS"). According to the USPS website, Plaintiff resided in Duluth, Georgia at an address located in Fulton County. Defendant sent Plaintiff a demand letter at her Duluth address on July 25, 2003 and that letter was never returned to Defendant as undeliverable.

Defendant then filed suit against Plaintiff in Fulton County State Court seeking to recover the unpaid credit card balance on September 25, 2003. The Fulton County Sheriff's Department (hereinafter "FCSD") attempted to serve Plaintiff with a copy of the summons and complaint, but it returned the entry of service to Defendant on September 30, 2003, stating that she resided in Gwinnett County. Defendant contacted the Gwinnett County Sheriff's Department (hereinafter "GCSD") on October 7, 20003, attempting to verify that Plaintiff's address was located in Gwinnett County. The GCSD informed Defendant that Plaintiff's address matched the address of a condominium owned by a Doris

---

1. Plaintiff entered into a note and security agreement with First USA Bank for amounts advanced to her on a credit card. First USA Bank assigned its claim for Plaintiff's unpaid credit card balance to Bureau on February 28, 2003.

Canady in Gwinnett County, and also noted that a similar street address was located in Fulton County. The GCSD attempted to serve Plaintiff with a copy of the summons and complaint, but returned the entry of service to Defendant on October 29, 2003, stating that Plaintiff resided in Fulton County.[2] Defendant contacted the GCSD again on November 20, 2003 to inquire about the conflicting information concerning the location of Plaintiff's address. The GCSD informed Defendant on December 2, 2003 that Plaintiff resided in a condominium owned by Doris Canady, located on a private road in Gwinnett County close to the Fulton County line. Defendant had the GCSD attempt to perfect service again in Gwinnett County. Defendant subsequently received an entry of service from the GCSD on December 9, 2003 stating that it served Plaintiff with a copy of the summons and complaint in Gwinnett County.

Plaintiff did not file an answer to the complaint, after which the Fulton County State Court entered a default judgment against her for $11,160.14 (existing debt plus interest, costs and fees) on February 16, 2004. Defendant filed an affidavit of garnishment in the Gwinnett County State Court on July 6, 2004, serving Bank of America (Garnishee) and Plaintiff. Although Plaintiff was aware of the garnishment, she did not file a traverse.

Plaintiff filed the present action on September 13, 2004, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), for filing an action against Plaintiff in an improper judicial district in violation of 15 U.S.C. § 1692i. Plaintiff seeks actual and statutory damages, along with reasonable attorney's fees and costs.

## II. DISCUSSION

### Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if, under applicable substantive law, it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998 (11th Cir.1992), *cert. denied*, 507 U.S. 911, 113 S.Ct. 1259, 122 L.Ed.2d 657 (1993). "It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton*, 965 F.2d at 998 (internal quotation marks omitted). Thus, the court's focus in ruling on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*,

---

**2.** *See* Defendant's Statement of Material Facts [15] at ¶ 12; Plaintiff's Response to Defendant's Statement of Material Facts [34] at ¶ 12. In reviewing the return of service, however, the Court notes that the return of service states that Plaintiff was not found in the jurisdiction of the Court and the reason stated was "Non Est Fulton County." *See* Defendant's Notice of Filing Original Affidavit [18] at Exhibit H. For the purpose of resolving the pending motions, however, the Court will assume, because the parties agree, that the GCSD returned the entry of service to Defendant on October 29, 2003, stating that Plaintiff resided in Fulton County.

477 U.S. at 251, 106 S.Ct. at 2505; *see also Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997).

Where the nonmoving party bears the burden of proof at trial, the moving party must demonstrate to the court that "there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), or must put forth affirmative evidence negating an element of the nonmoving party's case, *Fitzpatrick v. Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). It is then the responsibility of the nonmoving party, by revealing evidence outside of the pleadings, to show that evidence supporting its case does exist or that the element sought to be negated remains a genuine issue of material fact to be tried. *Id.* Essentially, this requires the nonmoving party to come forward with evidence sufficient to withstand a directed verdict on this issue at trial. *Id.* at 1116–17. In contrast, where the moving party bears the burden of proof at trial, it "must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991).

The nonmoving party is not required to carry its burden of proof at the summary judgment stage. In analyzing the motion, the Court views the facts in the light most favorable to the nonmoving party and makes all factual inferences in favor of

that party. *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 918 (11th Cir. 1993); *Rollins v. TechSouth, Inc.* 833 F.2d 1525, 1529 (11th Cir.1997). "The court must avoid weighing conflicting evidence or making credibility determinations." *Hairston*, at 919. "Where a reasonable fact finder may 'draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment.' " *Id.* (quoting *Barfield v. Brierton*, 883 F.2d 923, 933–34 (11th Cir. 1989)).

### Fair Debt Collection Practices Act Claim

■ Congress enacted the FDCPA to provide "a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227, 232 (3rd Cir.2005). Attorneys engaged in the practice of consumer debt collection on behalf of clients "are covered by the [FDCPA], and their litigation activities must comply with the requirements of that Act." *Id.*[3]

Pursuant to the FDCPA, debt collectors are prohibited "from bringing legal action to enforce a debt anywhere but the judicial district or similar legal entity where the consumer signed the contract sued upon or in which the consumer resides when the action is commenced." *Addison v. Braud*, 105 F.3d 223, 224 (5th Cir. 1997).[4] A debt collector who violates a provision of the FDCPA, such as the ven-

---

**3.** In this case, the parties do not contest that Plaintiff is a "consumer" who incurred a "debt" as defined by 15 U.S.C. §§ 1692a(5) and 1692a(3), or that Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

**4.** The venue provision of the FDCPA states in relevant part:

Any debt collector who brings any legal action on a debt against any consumer shall—

... bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

ue provision discussed herein, may be subject to civil liability for actual damages, additional damages up to $1,000.00, and costs and attorney's fees. 15 U.S.C § 1692k. However, if a violation does occur, "a debt collector may not be held liable if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Gill v. Kostroff*, 82 F.Supp.2d 1354, 1359 (M.D.Fla.2000)(quoting, 15 U.S.C. § 1692k(c)). This affirmative defense provides an exception to the otherwise strict liability imposed by the FDCPA. *Moya v. Hocking*, 10 F.Supp.2d 847, 849 (W.D.Mich.1998). "To establish that a violation occurred due to a bona fide error, a defendant must prove that: (1) the violation was not intentional; and (2) the violation occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id.*(internal quotations omitted).

■ In this case, Plaintiff alleges that Defendant violated the venue provision of the FDCPA by filing a lawsuit against Plaintiff in the incorrect venue and then subsequently failing to correct that error once on notice that Plaintiff did not reside in Fulton County. Defendant responds that it is entitled to the protection of the affirmative defense because: (1) it filed the underlying lawsuit in Fulton County based on generally reliable information from the USPS; (2) it continued in its efforts to verify Plaintiff's correct address and county of residence after obtaining conflicting information from the FCSD and the GCSD; and (3) Plaintiff failed to object to

venue until filing the present civil action, despite having opportunities to do so. For these reasons, argues Defendant, any violation of the FDCPA resulted from an unintentional, bona fide error notwithstanding the maintenance of procedures designed to avoid such error.

The undisputed facts of this case certainly demonstrate that verifying Plaintiff's correct county of residence was both cumbersome and confusing at times. At one point, as outlined in the fact section of this Order, the FCSD stated that Plaintiff resided in Gwinnett County while the GCSD stated that she lived in Fulton County. In the face of these contradictory conclusions, Defendant continued with its efforts to determine Plaintiff's correct county of residence by contacting the GCSD for additional information on November 20, 2003. In order to fall within the protection of the affirmative defense, however, Defendant must establish by a preponderance of the evidence that the violation occurred unintentionally and in spite of Defendant's internal procedures reasonably adapted to avoid any such error. *Gill*, 82 F.Supp.2d at 1359. According to Defendant, the GCSD advised Defendant on December 2, 2003 that Plaintiff resided in a condominium in Gwinnett County, and it is undisputed that Defendant received an entry of service from the GCSD on December 9, 2003 stating that Plaintiff had been served with a copy of the summons and complaint at her address in Gwinnett County.

Defendant submits to the Court that after receiving this notification, it elected not to transfer the civil action to Gwinnett County "because there was so much confusion created by conflicting informa-

(B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a)(2).

tion received from USPS and GCSD." Defendant's Resp. to Plaintiff's Motion for Partial Summary Judgment [35] at 2. Over two months later, after Plaintiff did not answer the Complaint, Defendant then moved for and obtained a default judgment against Plaintiff in Fulton County, after which it filed an Affidavit of Garnishment in Gwinnett County, Plaintiff's county of residence. Here lies the problem: despite all of the earlier confusion about Plaintiff's correct county of residence, Defendant undisputedly knew by December 9, 2003 that the GCSD served Plaintiff with the summons and complaint for the Fulton County lawsuit at a Gwinnett County residence, after which Defendant *chose* not to follow its internal procedures that instructed Defendant to transfer the case to the correct county and re-serve Plaintiff.[5] Instead, Defendant affirmatively decided not to correct the error and continued pursuing the civil action in Fulton County, by moving for a default judgment against Plaintiff, even though Defendant possessed information for over two months putting it on notice that Plaintiff did not reside in Fulton County. With these undisputed facts, Defendant cannot establish by a preponderance of the evidence that the error occurred unintentionally. *Moya,* 10 F.Supp.2d at 849. Defendant *intentionally* pursued the case in Fulton County even though the last and final communication from the GCSD stated that Plaintiff lived in Gwinnett County, and Defendant affirmatively decided not to follow its internal policy and procedures that instructed the firm to transfer of the case to Gwinnett County. Consequently, under the particular facts of this case, the Court finds that Defendant filed suit against Plaintiff in Fulton County in violation of 15 U.S.C. § 1692i and thereafter failed to correct the error once on notice that it filed the action in the wrong county. As a matter of law, then, Defendant is not entitled to the affirmative defense set forth in 15 U.S.C. § 1692k(c).[6] Defendant's motion for summary judgment [15] is DENIED and Plaintiff's motion for partial summary judgment on liability under the FDCPA [30] is GRANTED.

The only remaining issue in this case is damages pursuant to 15 U.S.C § 1692k. Plaintiff seeks a jury trial with respect to

5. The Court recognizes that "whether a debt collector's procedures are reasonable is, by its nature, fact-intensive, and should therefore typically be left to the jury." *Gill,* 82 F.Supp.2d at 1360. However, for the purpose of resolving the pending motion, the Court assumes that Defendant's internal debt collection procedures, as stated in Defendant's "Collections/Litigations Procedural Overview" policy, were reasonable, although Defendant elected to not follow them when pursuing the claim against Plaintiff.

6. In reaching this conclusion, the Court has considered Defendant's additional argument that it is entitled to the affirmative defense because Plaintiff failed to answer the lawsuit or otherwise object to the improper venue. In the Court's opinion, Defendant's argument is without merit, as the burden of filing the collection action in the correct county lies strictly with the Defendant. 15 U.S.C. § 1692i(a)(2). Furthermore, Defendant also carries the burden of establishing the affirmative defense, by demonstrating that the error either was unintentional or resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. 15 U.S.C. § 1692k(c). The Defendant has not provided, nor has the Court located, any authority supporting the argument that Plaintiff's failure to object to the venue of the collection proceeding, or otherwise defend the action, entitles Defendant to the affirmative defense set forth in 15 U.S.C. § 1692k(c). As discussed in the conclusion, however, Plaintiff's failure to appear in the Fulton County lawsuit certainly diminishes her claim for damages in this case.

this issue. In the Court's opinion, damages in this case are minimal, especially in light of the fact that Plaintiff never responded to the civil action in Fulton County and therefore did not sustain damages from defending a civil action in the wrong venue. In light of these facts, in its discretion, the Court hereby REFERS this case to the Magistrate Court for MEDIATION on the sole remaining issue of damages and fees.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [15] is DENIED, Plaintiff's Motion for Partial Summary Judgment [30] is GRANT-ED, and Defendant's Motion for Extension of Time to File Response to Plaintiff's Motion for Summary Judgment [31] is GRANTED *nunc pro tunc*. The Clerk is DIRECTED to REFER this case to the Magistrate Court for mediation on the issue of damages in this case.