# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2751
LT Case No. 2023-CA-000093

———————————————

PALM COAST INTRACOASTAL,
LLC,

     Appellant,

     v.

PRESERVE FLAGLER BEACH &
BULOW CREEK, INC., STEPHEN
NOBLE, and JOHN TANNER,

     Appellees.

———————————————

On appeal from the Circuit Court for Flagler County,
Christopher A. France, Judge.

Ethan J. Loeb, E. Colin Thompson, Elliot P. Haney, and Steven
Gieseler, of Bartlett Loeb Hinds Thompson & Angelos, Tampa,
for Appellant.

David A. Theriaque, S. Brent Spain, and Benjamin R. Kelley, of
Theriaque & Spain, Tallahassee, for Appellees.

November 7, 2025

JAY, C.J.

     Appellant ("PCI") sued Appellees ("Preserve Flagler") for
malicious prosecution. The trial court entered summary judgment
for Preserve Flagler. We affirm.

I.

PCI sought the county's permission to develop certain land. Preserve Flagler opposed the request. A divided panel of county commissioners eventually approved the project. Preserve Flagler filed a certiorari petition, asking the circuit court to quash the approval. Among other things, it argued that the county departed from the essential requirements of law by allowing PCI's project to have direct highway access. The circuit court denied relief. Preserve Flagler sought second-tier certiorari review, which this court denied on the merits.

Afterwards, PCI sued Preserve Flagler for malicious prosecution. It alleged that Preserve Flagler knowingly filed the certiorari petitions without lawful grounds as a tactic to delay construction. Ultimately, the court granted summary judgment for Preserve Flagler. The court noted that one of Preserve Flagler's main objections to PCI's project was that it featured direct vehicle access to John Anderson Highway, something that Preserve Flagler claimed was at odds with a county ordinance. To support this position, Preserve Flagler had relied on statements from the county's growth management director, assistant attorney, and former planning and zoning director, as well as the city attorney for Flagler Beach. Collectively, they indicated that county law did not allow PCI's project to directly access John Anderson Highway.

Based on this evidence—the existence of which the court found was undisputed—the court concluded that Preserve Flagler had probable cause to file the certiorari petitions challenging the approval of PCI's project. And since probable cause defeats a claim for malicious prosecution, the court likewise concluded that PCI's lawsuit failed as a matter of law. For the reasons set forth below, we agree.

II.

Our review is de novo. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). But even under that standard, we presume that the trial court's judgment is correct, which means that PCI has the burden of identifying reversible error. *See Snowden v. Wells Fargo Bank*, 172 So. 3d 506,

507 (Fla. 1st DCA 2015) (quoting *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979)).\*

Summary judgment is proper when the movant shows (1) the absence of a genuine dispute as to any material fact and (2) entitlement to judgment as a matter of law. Fla. R. Civ. P. 1.510(a). "The court views the evidence in a light most favorable to the non-moving party, and a genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for that party." *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023). When material facts are undisputed, the existence of probable cause is a legal question for the court. *City of Pensacola v. Owens*, 369 So. 2d 328, 328 (Fla. 1979).

Malicious prosecution is a tort arising from the misuse of the legal system. *Rushing v. Bosse*, 652 So. 2d 869, 874 (Fla. 4th DCA 1995). It has six elements: (1) an original civil or criminal case against the current plaintiff; (2) the present defendant caused the original case; (3) the original case reached a bona fide conclusion in favor of the current plaintiff; (4) the original case had no probable cause; (5) the present defendant acted with malice; and (6) the current plaintiff suffered damages. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). Because failing to show all six elements is fatal, *id.*, a malicious prosecution claim cannot survive the existence of probable cause. *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1309 (11th Cir. 2019).

To have probable cause to file a civil case, a party does not need to be "certain of the outcome." *Id.* (quoting *Wright v. Yurko*, 446 So. 2d 1162, 1166 (Fla. 5th DCA 1984)). Instead, it is enough for the party to reasonably believe—based on the circumstances

---

\* The trial court's probable cause analysis was part of its discussion of whether PCI's lawsuit violated the anti-SLAPP statute. *See* § 768.295, Fla. Stat. (2023). But since the probable cause issue is dispositive on its own, we need not address the other aspects of the court's judgment. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) (holding that when a trial court reaches the right result, it will be upheld on appeal if there is any basis to support the judgment in the record).

known to him—that the claim is valid. *Id.* (quoting *Wright*, 446 So. 2d at 1166); *see also Phelan v. City of Coral Gables*, 415 So. 2d 1292, 1294 (Fla. 3d DCA 1982) ("The determinative factor . . . is whether the suit was brought without reasonable prospect of success."). This standard "is extremely low and easily satisfied." *Gill v. Kostroff*, 82 F. Supp. 2d 1354, 1364 (M.D. Fla. 2000). When evaluating probable cause, a court considers what the party knew when initiating the proceeding—not what the party learned at some later time. *Kaplan v. Regions Bank*, No. 8:17-cv-2701, 2023 WL 2610155, at *5 (M.D. Fla. Mar. 23, 2023); *see also Floyd v. Stoumbos*, No. 22-11679, 2023 WL 2592297, at *2 (11th Cir. Mar. 22, 2023) ("[W]e evaluate probable cause from the perspective of the malicious prosecution defendant.").

Accordingly, this case turns on the strength of Preserve Flagler's certiorari petitions. If those petitions were supported by probable cause, then PCI's malicious prosecution claim lacked merit. Based on the testimony from the county's growth management director, assistant attorney, and former planning and zoning director—as well as the city attorney for Flagler Beach—that PCI's project did not follow county law, the court determined that Preserve Flagler had probable cause to seek certiorari relief. Of course, Preserve Flagler's reliance on these statements did not carry the day in the certiorari proceedings. But the undisputed existence of the testimony—regardless of its eventual force—belies the notion that Preserve Flagler started the proceedings without any reasonable belief of success.

Indeed, a proceeding's outcome does not automatically indicate the absence of probable cause. *See Endacott v. Int'l Hosp., Inc.*, 910 So. 2d 915, 924 (Fla. 3d DCA 2005) (noting that "termination of an underlying civil proceeding in favor of the present plaintiff is not sufficient evidence that the defendants lacked probable cause"); *see, e.g., Reano v. Wells Fargo Bank, N.A.*, No. 14-60581, 2017 WL 8772501, at *4 (S.D. Fla. Nov. 21, 2017) (finding that a party's victory in the original proceeding was "not dispositive" in the malicious prosecution case that followed, explaining that because of the low bar for probable cause, the "victory there and then does not subsist here and now"). In this case, there is no genuine dispute that Preserve Flagler identified evidence that PCI's proposal violated county law—something that

4

could warrant certiorari relief. *See Wolk v. Bd. of Cnty. Comm'rs of Seminole Cnty.*, 117 So. 3d 1219, 1223–24 (Fla. 5th DCA 2013); *City of Coral Gables Code Enf't Bd. v. Tien*, 967 So. 2d 963, 965 (Fla. 3d DCA 2007); Philip J. Padovano, *Florida Appellate Practice* § 19:9 n.7 (2025 ed.). This evidence meant that Preserve Flagler's certiorari petitions were "at least debatable" on the merits, which was enough to establish probable cause. *See Chevaldina v. Ctr. for Individual Rights*, No. 22-11901, 2024 WL 49695, at *2 (11th Cir. Jan. 4, 2024) ("[W]here the viability of the [original] claim was at least debatable—the district court did not err in finding that [the] Second Amended Complaint failed to state a claim for malicious prosecution.").

## III.

In sum, the court rightly found that Preserve Flagler had probable cause to seek judicial review of the county's approval of PCI's project. And because probable cause in the original case is fatal to a later action for malicious prosecution, the court correctly ruled that PCI's lawsuit failed as a matter of law. *See DeMartini*, 942 F.3d at 1309; *Mancusi*, 632 So. 2d at 1355.

AFFIRMED.

EDWARDS and HARRIS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————