877 A.2d 263

IN THE MATTER OF FREDERICK FITCHETT, III, AN ATTORNEY AT LAW. (ATTORNEY NO. 026381976)

July 26, 2005.

## ORDER

The Disciplinary Review Board having filed a decision (DRB 04–273) finding that **FREDERICK FITCHETT, III,** of **DEL-**

**RAN,** who was admitted to the Bar of this State in 1976, should be disciplined for violations of *RPC* 1.7(a) (conflict of interest— prohibiting the dual representation of clients, where one of the respondents is a public entity); *RPC* 1.10(a)(prohibiting lawyers associated in a firm from knowingly representing a client when any of them practicing alone would be prohibited from doing so by *RPC* 1.7, *RPC* 1.8, *RPC* 1.9, or *RPC* 2.2); and *RPC* 1.9(a)(1) (prohibiting an attorney from representing another client in the same or substantially related matter in which that client's interests are materially adverse to the interest of the former client, unless the former client consents after full disclosure) and (2) (prohibiting an attorney from using information relating to the representation to the disadvantage of the former client),

And the Court having issued an Order to Show Cause why respondent should not be disbarred or otherwise disciplined,

And the Court having considered the record and the arguments of counsel,

And the Court having determined that clear and convincing evidence supports the determination of the Disciplinary Review Board in respect of its findings of violation,

And the Disciplinary Review Board having divided in respect of the quantum of discipline that is appropriate for respondent's unethical conduct, with the majority of the Disciplinary Review Board having determined that a reprimand is sufficient and three dissenting members having voted for a three-month suspension,

And the Court noting that the Rules of Professional Conduct absolutely proscribe dual representation when one of the clients is a public entity, or side-switching in that setting when the matter is the same or a substantially related matter and the interests of the respective former and current clients are materially adverse, and that, generally, a suspension has been required when a conflict of interest visits serious economic injury on the client or when the circumstances are egregious, *see In re Berkowitz*, 136 *N.J.* 134, 148, 642 *A.*2d 389 (1994),

And the Court having concluded substantially for the reasons expressed by the dissenters that the circumstances of respondent's conflict of interest are egregious and that a three-month suspension from the practice of law is the appropriate sanction for respondent's blatant and gross ethical breach in respect of a public sector client that plainly could not consent to continued representation by respondent once he became affiliated with the firm that was representing the public sector client's adversary in the same matter,

And good cause appearing;

It is ORDERED that **FREDERICK FITCHETT, III,** is suspended from the practice of law for three months and until the further Order of the Court, effective August 22, 2005; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.