56 A.3d 866

IN THE MATTER OF JOSEPH R. GIANNINI, AN ATTORNEY
AT LAW (ATTORNEY NO. 035831983).

December 7, 2012.

480

## ORDER

The Disciplinary Review Board (DRB) having filed with the Court its decision in DRB 11–328, concluding that respondent **JOSEPH R. GIANNINI,** formerly of **CHERRY HILL,** who was admitted to the bar of this State in 1984, should be censured for violating *RPC* 3.1 (asserting frivolous issues), *RPC* 3.4(d) (making frivolous discovery requests), *RPC* 3.4(e) (in trial, alluding "to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence"), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And **JOSEPH R. GIANNINI** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having considered respondent's arguments and having fully reviewed the record established in the proceedings below, for good cause shown, this Court finds:

The evidence in this record fully supports the findings and conclusions of the DRB that respondent engaged in the unethical conduct as found by the DRB and as set forth in its decision of March 26, 2012, as corrected under cover of letter dated June 27, 2012.

Respondent's claim that he was denied due process by being denied the right to call sitting judges who did not make a referral of his behavior to ethics authorities, as proof that he did not engage in unethical behavior, is of no merit. An ethics investigation may be initiated in many ways, including, but not limited to, a grievance filed by a client or third party; a claim of unethical conduct asserted by another attorney, or a report of an arrest, indictment, or conviction of the attorney; or his or her

adjudication of misconduct from another jurisdiction in which the lawyer is admitted. A referral by a sitting judge is plainly not a prerequisite to the filing and consideration of an ethics complaint. Nor is the lack of a judicial referral indicative of the merits of the complaint, which must be proven based on clear and convincing evidence in the proceedings before the disciplinary authorities charged with hearing such complaints. Therefore assuming that the judges whom respondent wished to call had been allowed to testify, their testimony would have had no legal effect on the attorney disciplinary issue. That is for this Court to decide as the ultimate arbiter of attorney discipline. *See N.J. Const.* art. VI, § 2, ¶ 3. No doubt the courts before whom respondent appeared have inherent authority to address contemptuous conduct by parties appearing before them, *see Rule* 1:10–1 (providing for procedure that may be followed when contempt occurs in presence of court) and *Rule* 1:10–2 (providing for summary proceedings to punish contempt), including attorneys, *see Rule* 1:21–1(b) (stating that "attorneys and pro se parties appearing in any action shall be under the control of the court in which they appear and subject to appropriate disciplinary action"), that authority is separate and apart from the attorney disciplinary system.

Respondent's complaints and argument in respect of the handling of the grievance that he filed against his attorney adversary in the underlying controversy, and specifically his misbegotten assertions of dual representation by the secretary to the district ethics committee that considered that grievance and by a member of that district ethics committee, are similarly baseless for two reasons. Not only does his argument demonstrate an extension and fundamental misapplication of this Court's decision in *In re Fitchett,* 184 *N.J.* 289, 877 *A.*2d 263 (2005), to volunteer attorneys involved in the attorney disciplinary process, but more fundamentally, respondent never appealed the dismissal of the grievance he filed against that attorney adversary. The handling of that grievance is not within the four corners of this appeal from the imposition of attorney discipline to him. Thus, he lacks a

platform on which to raise his arguments to this Court. His attempt to raise such assertions in this matter is entirely lacking in merit.

Finally, respondent claims to have been protected by privilege when making suggestively salacious and irrelevant comments about a judge who had no role in the underlying proceedings, as well as demeaning comments about other judges, in connection with the proceedings that gave rise to this disciplinary action against him. We reject respondent's misunderstanding, and misuse, of the litigation privilege. It is a well-settled principle that the litigation privilege prevents the chilling of speech in our adversary system and provides immunity from civil liability, but the privilege does not cloak attorneys from "the discipline of the courts, the bar association, and the state." *Hawkins v. Harris,* 141 *N.J.* 207, 215, 661 *A.*2d 284 (1995) (quoting *Wright v. Yurko,* 446 *So.*2d 1162, 1164 (Fla.Dist.Ct.App.1984)) ("Although the public policy served by the absolute privilege immunizes the defamer from a civil damage action, the privilege does not protect against professional discipline for an attorney's unethical conduct."). As noted by other jurisdictions, "although [the rule] may bar recovery for bona fide injuries, the chilling effect on free testimony and access to the courts if such suits were allowed would severely hamper our adversary system," *Wright, supra,* 446 *So.*2d at 1164; yet, "[r]emedies for perjury, slander, and the like committed during judicial proceedings are left to the discipline of the courts, the bar association, and the state," *ibid.* As recently as 2006, in *Loigman v. Township Committee of Middletown,* we again stated clearly and unequivocally that "[t]he litigation privilege does not immunize an attorney from disciplinary sanctions under the New Jersey Rules of Professional Conduct." 185 *N.J.* 566, 586–87, 889 *A.*2d 426 (2006). Respondent's immunization from civil suit under the litigation privilege does not shield him from the attorney disciplinary consequences of his reckless conduct. *Id.* at 589, 889 *A.*2d 426. To the extent that respondent weaves into his litigation-privilege assertion a First–Amendment–based argument, the

same rationale applies. Respondent, therefore, is not protected from professional discipline for his unethical conduct.

For the reasons fully detailed in the DRB's comprehensive decision, we conclude that respondent engaged in unethical conduct for which sanction is warranted.

Accordingly, it is hereby

ORDERED that respondent **JOSEPH R. GIANNINI** is censured; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.